**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ŌURA HEALTH OY and OURARING INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-CV-0396-JRG-RSP |
| | ) | |
| ULTRAHUMAN HEALTHCARE PVT. LTD. and ULTRAHUMAN HEALTHCARE LTD., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF**
**THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

# TABLE OF CONTENTS


I. INTRODUCTION ....................................................................................................7

II. STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT............................8

III. FACTUAL BACKGROUND........................................................................................8

IV. LEGAL STANDARD.................................................................................................10

V. ARGUMENT ............................................................................................................10

A. OURA FAILS TO ADEQUATELY PLEAD INDIRECT PATENT INFRINGEMENT..........................................................................................10

1. Oura Fails to Allege that Any Third-Party Directly Infringes. ..................11

2. Oura Fails to Allege that Ultrahuman Had Knowledge that Its Alleged Acts Would Induce or Contribute to Infringement. .....................12

3. Oura's Contributory Infringement Claims Are Additionally Defective. ...........................................................................................14

B. OURA'S FAILURE TO COMPLY WITH § 287 LIMITS ITS CLAIM FOR PAST DAMAGES. ..........................................................................15

1. The Complaint Fails To Plead Compliance with the Marking Statute. ..............................................................................................16

2. As an Additional Flaw, Oura Fails to Plead that its Predecessors and Licensees Comply with § 287. ..........................................................17

C. OURA'S PLEADING OF WILLFULNESS IS LEGALLY INSUFFICIENT.......................................................................................18

D. OURA FAILS TO ADEQUATELY PLEAD COPYRIGHT INFRINGEMENT..........................................................................................20

VI. CONCLUSION..........................................................................................................22

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Am. Vehicular Scis. LLC v. Mercedes-Benz U.S. Int'l, Inc.*,
No. 6:13CV307 MHS-JDL, 2014 WL 10291478 (E.D. Tex. Feb. 7, 2014) ....................13

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
876 F.3d 1350 (Fed. Cir. 2017) .................................... 15, 16, 18

*Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*,
No. 2:21-cv-0172, 2022 WL 610796 (E.D. Tex. Jan. 24, 2022) ....................18

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................................10

*Baisden v. I'm Ready Prods., Inc.*,
693 F.3d 491 (5th Cir. 2012) ....................................20

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................................10

*Berall v. Pentax of Am., Inc.*,
No. 10-CV-5777, 2021 WL 3934200 (S.D.N.Y. Sept. 2, 2021)....................15

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) ....................................11

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
859 F.3d 1352 (Fed. Cir. 2017) ....................................12

*Commil USA, LLC v. Cisco Sys., Inc.*,
575 U.S. 632 (2015)....................................12

*CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.*,
No. 2:23-CV-00311-JRG, 2024 WL 1219725 (E.D. Tex. Mar. 20, 2024)
(Gilstrap, C.J.) ....................................14, 18

*Diem LLC v. BigCommerce, Inc.*,
No. 17-CV-186, 2017 WL 9935521 (E.D. Tex. May 11, 2017) (Gilstrap, J.C.) ....................11

*Dunlap v. Schofield*,
152 U.S. 244 (1894)....................................15

*Ericsson, Inc. v. D-Link Sys., Inc.*,
773 F.3d 1201 (Fed. Cir. 2014) ....................................12

*Estech Sys. IP, LLC v. Mitel Networks, Inc.*,
No. 2:21-CV-00473-JRG-RSP, 2023 WL 6115252 (E.D. Tex. July 17, 2023) ..................... 12

*Express Mobile, Inc. v. DreamHost LLC*,
No. 18-cv-01173, 2019 WL 2514418 (D. Del. June 18, 2019) ........................................... 16

*Feist Publications, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 (1991) ........................................................................................................... 20

*Fractus, S.A. v. TCL Corp.*,
No. 2:20-CV-00097-JRG, 2021 WL 2483155 (E.D. Tex. June 2, 2021)
(Gilstrap, C.J.) ................................................................................................................... 19

*Goldstein v. Facebook Inc.*,
No. 6:19-CV-389-JCB-KNM, 2020 WL 6482979 (E.D. Tex. May 26, 2020) ..................... 21

*Grain Processing Corp. v. Am. Maize-Prod. Co.*,
185 F.3d 1341 (Fed. Cir. 1999) ........................................................................................... 17

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
136 S.Ct. 1923 (2016) ........................................................................................................ 19

*Hewlett-Packard Co. v. Bausch & Lomb Inc.*,
909 F.2d 1464 (Fed. Cir. 1990) ........................................................................................... 14

*Horatio Washington Depot Techs. LLC v. TOLMAR, Inc.*,
No. 17-1086, 2018 WL 5669168 (D. Del. Nov. 1, 2018) ................................................... 17

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*,
681 F.3d 1323 (Fed. Cir. 2012) ........................................................................................... 11

*Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*,
920 F.3d 890 (5th Cir. 2019) .............................................................................................. 10

*Lans v. Digital Equip. Corp.*,
252 F.3d 1320 (Fed. Cir. 2001) ........................................................................................... 16

*MedioStream, Inc. v. Microsoft Corp.*,
749 F. Supp. 2d 507 (E.D. Tex. 2010) (Gilstrap, J.C.) ....................................................... 20

*Metricolor LLC v. L'Oreal S.A.*,
791 F. App'x 183 (Fed. Cir. 2019) ...................................................................................... 11

*NorthStar Sys. LLC v. Volkswagen AG*,
No. 2:22-CV-00486-JRG, 2023 WL 5723648, (E.D. Tex. Sept. 5, 2023)
(Gilstrap, C.J.) ............................................................................................................. 13, 14

*NXP USA Inc. v. MediaTek Inc.*,
No. 2:21-CV-00318-JRG, 2022 WL 799071 (E.D. Tex. Mar. 15, 2022) ..................18, 19, 20

*Ortiz & Assocs. Consulting, LLC v. VIZIO, Inc.*,
No. 3:23-CV-00791-N, 2023 WL 7184042 (N.D. Tex. Nov. 1, 2023) ................................17

*PACT XPP Techs., AG v. Xilinx, Inc.*,
No. 2:07-CV-563-RSP, 2012 WL 1029064 (E.D. Tex. Mar. 26, 2012). ..............................17

*Plano Encryption Techs., LLC v. Alkami Tech., Inc.*,
No. 2:16-cv-1032, 2017 WL 8727249 (E.D. Tex. Sept. 22, 2017 .......................................19

*Roche Diagnostics Corp. v. Meso Scale Diagnostics, LLC*,
30 F.4th 1109 (Fed. Cir. 2022) ..........................................................................12, 13, 19, 20

*Starr v. DaimlerChrysler Corp.*,
252 F. App'x 590 (5th Cir. 2007) ..........................................................................................20

*Sunless, Inc. v. Selby Holdings, LLC*,
No. 20-cv-00930, 2021 WL 3513871 (M.D. Tenn. Aug. 10, 2021) ....................................16

*Thompson v. City of Waco*,
764 F.3d 500 (5th Cir. 2014) ................................................................................................10

*Tonal Sys., Inc. v. ICON Health & Fitness, Inc.*,
No. CV 20-1197-LPS, 2021 WL 1785072 (D. Del. May 5, 2021) ......................................14

*Toshiba Corp. v. Imation Corp.*,
681 F.3d 1358 (Fed. Cir. 2012) ............................................................................................15

*VDPP, LLC v. Volkswagen Grp. of Am., Inc.*,
No. 4:23-CV-2961, 2024 WL 1313899 (S.D. Tex. Mar. 27, 2024) .....................................16

*VLSI Tech. LLC v. Intel Corp.*, No. 19-CV-977,
2021 WL 2773013 (W.D. Tex. Apr. 12, 2021) .....................................................................17

*VStream Techs., LLC v. PLR IP Holdings, LLC*,
No. 15-cv-974, slip op. (E.D. Tex. Aug. 24, 2016) (Gilstrap, J.C) .........................................11

**Statutes**

17 U.S.C. § 411 ..................................................................................................................20

35 U.S.C. § 271(b) ......................................................................................................10, 12

35 U.S.C. § 271(c) ..................................................................................................10, 12, 14

35 U.S.C. § 287 ...................................................................................7, 8, 15, 16, 17, 18

**Other Authorities**

Fed.R.Civ.P. 12(b)(6) ....................................................................................8, 10, 14, 16

Defendants Ultrahuman Healthcare Pvt. Ltd. and Ultrahuman Healthcare Ltd. (collectively, "Ultrahuman") move to dismiss certain claims alleged by Plaintiffs Ōura Health Oy and Ouraring Inc.'s (collectively, "Oura") in its First Amended Complaint (Dkt. 9).

## I. INTRODUCTION

This motion focuses on four pleading defects.

***First***, for indirect infringement, Oura fails to allege direct infringement by any third-party. Oura also fails to adequately allege knowledge. Though Oura includes boilerplate language alleging knowledge of the patents, it fails altogether to allege the requisite knowledge of infringement. On contributory infringement, Oura fails to identify the alleged infringing "component," as well as adequately plead the no substantial non-infringing use requirement. These defects doom Oura's indirect infringement claims.

***Second***, Oura does not plead that it or its predecessors adequately complied with 35 U.S.C. § 287's notice and marking provisions. The Court should thus dismiss any claim for pre-suit damages before September 1, 2023, for U.S. Patent Nos. 10,893,833 and 10,842,429, and before March 14, 2024, for U.S. Patent Nos. 11,868,178 and 11,868,179—the dates Oura filed its Original Complaint and First Amended Complaint, respectively.

***Third***, willful infringement requires knowledge of the patents, infringement, and a showing that the defendant's actions were egregious enough to entitle the patentee to enhanced damages. Oura fails to sufficiently allege these requirements. At a minimum, any claim for pre-suit willfulness cannot stand.

***Fourth***, Oura's cobbled-together copyright infringement claims are fundamentally flawed. To assert a claim for copyright infringement, the plaintiff must allege it has a valid, registered copyright. Among other defects, Oura fails to make this fundamental allegation for each of its

alleged copyrights. Its tenuous copyright infringement claims are a sideshow, and they too should be dismissed.

## II. STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT

1. Whether the Court should dismiss all of Oura's indirect infringement claims for failure to state a claim under Rule 12(b)(6) where Oura fails to plead underlying direct infringement, the requisite knowledge, and several elements of contributory infringement;

2. Whether the Court should dismiss Oura's claims for pre-suit damages for failure to state a claim under Rule 12(b)(6) where Oura failed to mark and allege compliance with 35 U.S.C. § 287;

3. Whether the Court should dismiss Oura's claims for willful patent infringement for failure to state a claim under Rule 12(b)(6) where Oura failed to proffer sufficient allegations of knowledge and egregious conduct; and

4. Whether the Court should dismiss all of Oura's claims for copyright infringement for failure to state a claim under Rule 12(b)(6) where Oura failed to assert registered copyrights.

## III. FACTUAL BACKGROUND

On September 1, 2023, Oura filed its original complaint against Ultrahuman for patent and copyright infringement. Oura's original complaint only asserted U.S. Patent Nos. 10,893,833 (the "'833 Patent") and 10,842,429 (the "'429 Patent"). *See* Dkt. 1 at ¶2.

On January 9, 2024, two new patents issued to Oura: U.S. Patent Nos. 11,868,178 (the "'178 Patent") and 11,868,179 (the "'179 Patent"). Like the '833 Patent, the claims of the '178 and '179 Patents generally encompass the structural and functional components of a wearable smart ring device. *See* Dkt. 9-1 ('833 Patent) at cl. 1, Dkt. 9-3 ('178 Patent) at cl. 1, Dkt. 9-4 ('179 Patent) at cl. 1. Relatedly, the '429 Patent generally encompasses assessing and displaying on a

mobile device specific information derived from the data collected by the device. *See* Dkt. 9-2 ('429 Patent) at cls. 1, 8.

On March 13, 2024, Oura filed a complaint in the ITC against, *inter alia*, Ultrahuman, asserting patent infringement of the '178 Patent, '179 Patent, and '429 Patent. The ITC Action was instituted on April 12, 2024, and the final determination is scheduled to issue in less than a year, *i.e.*, no later than April 18, 2025. *See* Dkt. 17 at 3-4.

One day after filing its ITC complaint, on March 14, 2024, Oura filed a First Amended Complaint against Ultrahuman, adding patent infringement claims for the '178 and '179 patents,[1] as well as copyright infringement claims. *See* Dkt. 9 at ¶2. All of Oura's patent infringement claims involve the same accused products, *i.e.*, Ultrahuman's ring product (*i.e.*, the "Ring AIR") and the Ultrahuman App (collectively, the "Accused Products"). *See* Dkt. 9 at ¶¶8, 27, 41, 57, 74. Oura's copyright infringement claims also relate to these products as well. For example, Oura claims that it possesses copyrights to at least two marketing images from its social media account that depict its ring product. *See id.* at ¶¶13, 90-91.

Per Oura, Ultrahuman has infringed these allegedly copyrighted works via marketing images of its own ring product, which, as noted, Oura has accused of patent infringement. *See id.* at ¶¶96; *see also id.* at ¶13. Oura further alleges that it "owns the copyright in the original combination and arrangement of words, data, designs, and colors used in connection with the User Interface on its Oura App." *Id.* at ¶92. It alleges that Ultrahuman infringes this copyright through its own User Interface design of the Ultrahuman App—another product accused of patent infringement. *See id.* at ¶¶13, 96; *see also id.* at ¶¶39-54.

---

[1] The patents asserted in the First Amended Complaint are collectively referred to as the "Asserted Patents."

On May 12, 2024, Ultrahuman filed a Motion to Stay the present action in its entirety pending resolution of the ITC proceeding, including appeals. *See* Dkt. 17. At present, Ultrahuman's Motion to Stay is pending.

## IV. LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). To survive a Rule 12(b)(6) challenge, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all well-pleaded allegations in a complaint are taken as true, they must be supported by factual allegations. *See id.*; *see also Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). Courts are not required to accept sweeping legal conclusions disguised in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *See Iqbal*, 556 U.S. at 678; *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019).

## V. ARGUMENT

### A. OURA FAILS TO ADEQUATELY PLEAD INDIRECT PATENT INFRINGEMENT.

Oura's indirect infringement claims for induced and contributory infringement are insufficiently pled. Oura generally alleges that:

> In violation of 35 U.S.C. § 271(b) and (c), Ultrahuman has and continues to willfully induce others to infringe and/or contribute to infringing [each Asserted Patent] by wearing and using the Accused Instrumentalities. Ultrahuman also offers to sell or sells within the

> United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

*See* Dkt. 9 at ¶¶28, 42, 58, 75. But these allegations merely parrot statutory language without alleging the acts of inducement, the component provided that contributes to the direct infringement by others, or the requisite knowledge necessary to establish indirect infringement.

**1. Oura Fails to Allege that Any Third-Party Directly Infringes.**

Direct infringement by a third party is an element of indirect infringement. *See In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012) ("It is axiomatic that '[t]here can be no inducement or contributory infringement without an underlying act of direct infringement.'") (citation omitted). To allege direct infringement, a plaintiff must do more than assert that the product infringes the claim; a plaintiff must allege sufficient facts "to create a plausible inference that each element of the claim is infringed by the accused products." *Diem LLC v. BigCommerce, Inc.*, No. 6:17-CV-186-JRG-JDL, 2017 WL 9935521, at *2 (E.D. Tex. May 11, 2017) (Gilstrap, J.C.)*; see Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353–54 (Fed. Cir. 2021). "[T]he key to patent infringement is not just identifying [] products, but identifying how those products allegedly infringe the Asserted Patent claims." *VStream Techs., LLC v. PLR IP Holdings, LLC*, No. 6:15-cv-974-JRG-JDL, slip op. at 7 (E.D. Tex. Aug. 24, 2016) (Gilstrap, J.C.). For apparatus claim elements, the complaint must set forth allegations showing the accused product itself meets each and every claim limitation of the asserted patent. *See Metricolor LLC v. L'Oreal S.A.*, 791 F. App'x 183, 188 (Fed. Cir. 2019). As for method or use claims, the complaint must set forth plausible allegations that the accused infringer itself "*actually*

perform[s] the steps in the method claim." *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1221 (Fed. Cir. 2014).

Here, Oura fails to identify any alleged direct infringer besides Ultrahuman. *See, e.g., See* Dkt. 9 at ¶¶28, 42, 58, 75 (alleging that "***Ultrahuman*** has and continues to willfully induce others to infringe and/or contribute to infringing the '179 patent ***by wearing and using the Accused Instrumentalities***.") (emphasis added). And Ultrahuman cannot plausibly "intend to induce" itself or an unnamed and unrelated third-party to directly infringe. *See Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1364 (Fed. Cir. 2017) (dismissing claim of indirect infringement was proper when plaintiff failed to allege facts to "suggest any connection between [defendant] and [alleged direct infringers]").

For this reason alone, Oura has not sufficiently plead indirect infringement.

### 2. Oura Fails to Allege that Ultrahuman Had Knowledge that Its Alleged Acts Would Induce or Contribute to Infringement.

To state a claim of indirect infringement, a plaintiff must allege that the accused indirect infringer both had "knowledge of the patent in suit" and "knew the acts were infringing." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639, 642 (2015); *see Roche Diagnostics Corp. v. Meso Scale Diagnostics, LLC*, 30 F.4th 1109, 1117–18 (Fed. Cir. 2022). The accused inducer must also possess "a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009); *see Roche*, 30 F.4th at 1118–19. Stated differently,"[i]nduced infringement pursuant to § 271(b) and contributory infringement pursuant to § 271(c) each require knowledge of infringement." *Estech Sys. IP, LLC v. Mitel Networks, Inc.*, No. 2:21-CV-00473-JRG-RSP, 2023 WL 6115252, at *3 (E.D. Tex. July 17, 2023). "Knowledge of the patent by itself is insufficient; knowledge of another's direct infringement resulting from the accused's conduct is also required." *Id.*

As noted, Oura's Complaint baldly alleges that Ultrahuman had knowledge of the Asserted Patents at least as early as the date of their issuance or at the latest by the filing of the Complaint itself. Dkt. 9 at ¶¶37, 53, 70, 86. In other words, Oura fails to provide any actual evidence demonstrating that Ultrahuman had any knowledge of any of the Asserted Patents prior to filing the Complaint. Importantly, Oura fails to allege at all that Ultrahuman had ***any*** knowledge that its acts would induce infringement or contribute to the infringement of the patents by another.

In fact, Oura has not even pled the existence of a third-party direct infringer, *see supra*, let alone Ultrahuman's ***knowledge*** that such third-party activity constitutes direct infringement. Nor has Oura plausibly alleged that Ultrahuman ***knows*** its ongoing acts induce infringement. *See Roche*, 30 F.4th at 1119 (explaining that the subjective intent of the accused infringer governs). Service of a bare-bones complaint and a copy-and-pasted form claim chart does not confer the necessary subjective knowledge of infringement on Ultrahuman. *See id.* at 1117-19. Indeed, "it is well-established that 'naked assertions devoid of 'further factual enhancement'' are insufficient to state a claim." *Am. Vehicular Scis. LLC v. Mercedes-Benz U.S. Int'l, Inc.*, No. 6:13-cv-307-MHS-JDL, 2014 WL 10291478, at *4 (E.D. Tex. Feb. 7, 2014) (cleaned up) (recommending granting motion to dismiss indirect infringement claims where the "complaint fail[ed] to allege any facts that establish[ed] a plausible inference that Defendants had the specific intent to induce its customer's actions, and knowledge that those actions amounted to infringement").

For this reason, this Court routinely dismisses indirect infringement claims when a plaintiff fails to sufficiently plead that the accused infringer "has caused or encouraged infringing activity" to a direct infringer. *See, e.g.*, *NorthStar Sys. LLC v. Volkswagen AG*, No. 2:22-CV-00486-JRG, 2023 WL 5723648, at *3 (E.D. Tex. Sept. 5, 2023) (granting motion to dismiss patent infringement

claims under 12(b)(6)) (Gilstrap, C.J.). Oura likewise fails to allege that Ultrahuman caused or encouraged any infringing activity to anyone, warranting the same result here.

Thus, Oura's claims for both contributory and induced infringement should be dismissed with prejudice as it has failed to plead sufficient allegations of the required knowledge. At a minimum, lack of knowledge alone dooms Oura's claims for pre-suit indirect infringement.

**3. Oura's Contributory Infringement Claims Are Additionally Defective.**

"Contributory infringement requires a showing that the accused infringer 'offers to sell or sells ... a component of a patented [invention], ... knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.'" *CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.*, No. 2:23-CV-00311-JRG, 2024 WL 1219725, at *6 (E.D. Tex. Mar. 20, 2024) (Gilstrap, C.J.) (quoting 35 U.S.C. § 271(c)).

At the outset, Oura fails to identify any specific "component" in its allegations that Ultrahuman purportedly sells knowing that it will be adapted for use in an infringing system. Rather, it alleges that Ultrahuman "contributes" to infringement by "wearing and using the Accused Instrumentalities." *See* Dkt. 9 at ¶¶28, 42, 58, 75. However, courts have repeatedly found that an "entire device"—which would be the Accused Instrumentalities—cannot constitute a "component" for the purposes of contributory infringement. *Tonal Sys., Inc. v. ICON Health & Fitness, Inc.*, No. 20-1197-LPS, 2021 WL 1785072, at *5 (D. Del. May 5, 2021), *report and recommendation adopted*, No. 20-1197-LPS, 2021 WL 5860783 (D. Del. Aug. 12, 2021); *see also Berall v. Pentax of Am., Inc.*, No. 10-CV-5777 (LAP), 2021 WL 3934200, at *8 (S.D.N.Y. Sept. 2, 2021) (quoting *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990)) ("[T]he purpose of a contributory infringement claim is to address 'the situation where a

seller would sell a component which was not itself technically covered by the claims of a product or process patent but which had no other use except with the claimed product or process.'").

Regardless, even assuming that the Accused Products could meet the "component" requirement for contributory infringement, Oura still fails to properly plead its claim. As noted, "[t]o establish contributory infringement liability, the patent owner must show, among other things, that there are no substantial non-infringing uses." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1362 (Fed. Cir. 2012). But here, Oura fails to allege that there are no substantial non-infringing uses for the Accused Products, merely reciting the statutory language in its allegations to support its indirect infringement theories. *See, e.g.*, Dkt. 9 at ¶28 ("Ultrahuman also offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use, constituting a material part of the invention . . . [that is] not a staple article or commodity of commerce suitable for substantial noninfringing use.").

For these additional reasons, Oura's contributory infringement claims are fatally deficient and must be dismissed.

**B. <u>OURA'S FAILURE TO COMPLY WITH § 287 LIMITS ITS CLAIM FOR PAST DAMAGES.</u>**

"The patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("*Arctic Cat I*"); *see Dunlap v. Schofield*, 152 U.S. 244, 248 (1894) ("[T]he duty of alleging and the burden of proving either of these facts is upon the plaintiff."). To recover damages, the Patent Act creates an affirmative requirement for Oura—and predecessors and licensees—to adequately mark all "patented article[s]" with the Asserted Patents (constructive notice) or, in the alternative, to have given *actual* notice of infringement. 35 U.S.C. § 287(a); *Arctic*

*Cat I*, 876 F.3d at 1355-66. If actual notice is given, "damages may be recovered only for infringement occurring after such notice." 35 U.S.C. § 287(a). "Filing of an action for infringement shall constitute such notice." *Id.*

Courts routinely grant Rule 12(b)(6) motions based on absent or defective § 287(a) allegations. *See, e.g.*, *VDPP, LLC v. Volkswagen Grp. of Am., Inc.*, No. 4:23-CV-2961, 2024 WL 1313899, at *3-5 (S.D. Tex. Mar. 27, 2024); *Sunless, Inc. v. Selby Holdings, LLC*, No. 20-cv-00930, 2021 WL 3513871, at *4–5 (M.D. Tenn. Aug. 10, 2021); *Express Mobile, Inc. v. DreamHost LLC*, No. 1:18-cv-01173-RGA, 2019 WL 2514418, at *2 (D. Del. June 18, 2019); *see also Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1327–28 (Fed. Cir. 2001) (affirming dismissal of patent infringement claims where failure to mark under §287(a) precluded pre-suit damages).

The inadequacy of Oura's §287(a) allegations compels the same result. The same should apply here. Oura's Prayer for Relief against Ultrahuman is broad and encompasses pre-suit damages. *See* Dkt. 9 at p. 55-56. However, the Complaint is devoid of ***any*** allegation of adequate notice, whether constructive or actual, cutting off the availability of pre-suit damages under § 287.

### 1. The Complaint Fails To Plead Compliance with the Marking Statute.

"A claim for past damages requires pleading compliance with the marking statute—even when compliance is achieved, factually, by doing nothing at all." *Express Mobile*, 2019 WL 2514418 at *2. Thus, the failure to include ***any*** allegations about the marking statute is fatal to a claim of past damages.

That is the case here: the Complaint does not allege compliance with the patent marking requirement. Indeed, neither the terms "marking" or "mark" appear anywhere in the Complaint. Neither does "§ 287." This defect is fatal, particularly since Oura alleges that the Accused Products—which purportedly practice the Asserted Patents—are direct copies of its own products,

thereby implying that Oura's products are likewise covered by the Asserted Patents. *See* Dkt. 9 at ¶¶1, 9-12; *see also Ortiz & Assocs. Consulting, LLC v. VIZIO, Inc.*, No. 3:23-CV-00791-N, 2023 WL 7184042, at *3 (N.D. Tex. Nov. 1, 2023) (granting motion to dismiss and finding plaintiff's "failure to plead compliance with the marking statute provide[d] an independent basis for dismissal").

At most, Oura vaguely alleges that Ultrahuman "has been fully aware of and has had knowledge, or should have had knowledge," of the Asserted Patents since at least their issuance dates "or at the latest as of the filing of" either the "Original Complaint" or "First Amended Complaint." *See* Dkt. 9 at ¶¶37, 53, 70, 86. But this allegation fails to satisfy the requirement that the "infringer was notified of the infringement and continued to infringe thereafter." 35 U.S.C. § 287(a); *see PACT XPP Techs., AG v. Xilinx, Inc.*, No. 2:07-CV-563-RSP, 2012 WL 1029064, at *2 (E.D. Tex. Mar. 26, 2012) (explaining that actual notice "requires the affirmative communication of a specific charge of infringement by a specific accused product or device"). There thus can be no dispute that the operative Complaint is devoid of allegations of actual or constructive notice.

#### 2. As an Additional Flaw, Oura Fails to Plead that its Predecessors and Licensees Comply with § 287.

The requirements of § 287 apply to Oura's predecessors, which is relevant here because Oura acquired the Asserted Patents via assignment, Dkt. 9 at ¶¶26, 40, 56, 73. *See Grain Processing Corp. v. Am. Maize-Prod. Co.*, 185 F.3d 1341, 1347 n.3 (Fed. Cir. 1999) (affirming holding that patentee was not entitled to damages because neither it nor its predecessor in interest marked products with the patent number); *see also Horatio Washington Depot Techs. LLC v. TOLMAR, Inc.*, No. 17-1086-LPS, 2018 WL 5669168, at *8 (D. Del. Nov. 1, 2018); *VLSI Tech. LLC v. Intel Corp.*, No. 1:19-CV-977-ADA, 2021 WL 2773013, at *3 (W.D. Tex. Apr. 12, 2021).

For similar reasons, § 287 applies to any of Oura's licensees who practice the Asserted Patents. *See Arctic Cat I*, 876 F.3d at 1366–67.

The Complaint makes no allegations about predecessors or licensees. Indeed, it is entirely silent even as to the assignment history of the Asserted Patents, let alone whether any prior patentee complied with its marking obligations. Similarly, the Complaint contains no allegations about whether any licensees mark even though it is probable that at least one licensee exists. These defects likewise cut off pre-suit damages.

### C. <u>OURA'S PLEADING OF WILLFULNESS IS LEGALLY INSUFFICIENT.</u>

As with indirect infringement, "willful infringement allegations require that the defendant know of the asserted patents." *CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.*, No. 2:23-CV-00311-JRG, 2024 WL 1219725, at *6 (E.D. Tex. Mar. 20, 2024) (Gilstrap, C.J.) (dismissing plaintiff's pre-suit willful infringement allegations). "This Court has previously recognized that when '[f]aced with a total absence of facts in the Complaint to suggest that [Defendant] had pre-suit knowledge of the [Asserted] Patent[s], the Court concludes that [Plaintiff] has failed to state a claim for pre-suit willful infringement.'" *NXP USA Inc. v. MediaTek Inc.*, No. 2:21-CV-00318-JRG, 2022 WL 799071, at *3 (E.D. Tex. Mar. 15, 2022) (quoting *Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, No. 2:21-cv-0172, 2022 WL 610796, at *7 (E.D. Tex. Jan. 24, 2022)).

This is precisely the case here. Oura has not alleged ***any*** facts to support a claim for willful infringement beyond that Oura allegedly ***may*** have had knowledge of the patents upon issuance. *See, e.g.*, Dkt. 9 at (alleging Ultrahuman either had knowledge of the '833 Patent as to the date of issuance "or should have had knowledge"). This conclusory statement is entirely unsubstantiated, and there is no other allegation in the Complaint evidencing that Ultrahuman had any pre-suit knowledge of Oura's patents.

In addition, "[a] claim for willful infringement must allege [also] that infringement was 'intentional or knowing.'" *NXP*, 2022 WL 799071 at *3 (citing *Plano Encryption Techs., LLC v. Alkami Tech., Inc.*, No. 2:16-cv-1032, 2017 WL 8727249, at *2 (E.D. Tex. Sept. 22, 2017)). That is because "[w]illfulness is a matter of culpability and state of mind, and the degree of culpability required has been described as 'willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or ... characteristic of a pirate.'" *Fractus, S.A. v. TCL Corp.*, No. 2:20-CV-00097-JRG, 2021 WL 2483155, at *4 (E.D. Tex. June 2, 2021) (Gilstrap, C.J.) (quoting *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S.Ct. 1923, 1932 (2016)) (dismissing willful infringement claims where the plaintiff did 'not allege any culpable conduct or any set of facts supporting an inference of culpable conduct'").

On this point, the entirety of Oura's willfulness allegations for each Asserted Patent basically amount to the following conclusory statement:

> 37. On information and belief, Ultrahuman has been fully aware of and has had knowledge, or should have had knowledge, of the '833 patent since at least Jan. 19, 2021 – the issuance date of the '833 patent – or at the latest as of the filing of the Original Complaint.
>
> 38. Because of Ultrahuman's infringing activities, Oura has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial. Ultrahuman's acts are or were deliberate and willful, and will continue unless enjoined by this Court.

*See, e.g.*, Dkt. 9 at ¶¶37-38 (excerpted from Complaint and annotated); *see also id.* at ¶¶37-38, 53-54, 70-71, 86-87 (stating the same for the remaining Asserted Patents).

As in *Fractus*, nothing in Oura's "willfulness" allegations—or any other allegation in the Complaint—alleges any culpable conduct by Ultrahuman. Nor does Oura allege any set of facts supporting an inference of culpable conduct. *See, e.g.*, *Fractus*, 2021 WL 2483155, at *4. Indeed, the knowledge required for willfulness is "knowledge that the acts [defendant] brought about

'constitute[d] patent infringement[.]'" *Roche*, 30 F.4th at 1119. And Oura's bare-bones allegations of "copying" do not suffice. Oura alleges, without any evidentiary support, that Ultrahuman willfully infringes its intellectual property by "blatantly copying" its ***technology***. *See* Dkt. 9 at ¶1.[2] But Oura also makes no supported copying allegation demonstrating that Ultrahuman knew of any of the Asserted Patents or that it knew its products infringed the Asserted Patents prior to the filing of the Complaint, which is what matters here.

Oura's willful infringement claims should therefore be dismissed. At a minimum, any claim for pre-suit willfulness cannot stand. *See NXP*, 2022 WL 799071 at *3.

### D. OURA FAILS TO ADEQUATELY PLEAD COPYRIGHT INFRINGEMENT.

It is axiomatic that the copyright registration requirement set forth in 17 U.S.C. § 411(a) is a precondition to filing a copyright infringement claim. *See, e.g.*, *Starr v. DaimlerChrysler Corp.*, 252 F. App'x 590, 590–91 (5th Cir. 2007) (affirming dismissal of complaint for copyright infringement for failure to allege that the plaintiff had even applied for copyright registration because the court "require[s] the plaintiff to have filed an application for registration with the Copyright Office prior to the infringement action.") Indeed, to state a claim of copyright infringement, a plaintiff must plead (1) ownership of a valid copyright, and (2) the defendant, without authorization, copied "constituent elements of the plaintiff's work that are original." *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 499 (5th Cir. 2012); *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *MedioStream, Inc. v. Microsoft Corp.*, 749 F. Supp. 2d 507, 520 (E.D. Tex. 2010) (Gilstrap, J.C.); *see also UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*, No. A-17-CA-365-LY, 2018 WL 1096871, at *2 (W.D. Tex. Feb. 28, 2018). But

---

[2] Notwithstanding the fact that Ultrahuman did not "copy" Oura's technology – such inquiry is irrelevant.

no registration identified in the Complaint can support Oura's cause of action for copyright infringement, and Oura has thus failed to satisfy the first requirement of copyright infringement.

Oura identifies three purported copyrights that Ultrahuman allegedly infringes, which it dubs "the Oura Copyrighted Landscape Design," "the Oura Copyrighted 3D Ring Image," and the "Oura Copyrighted User Interface Design." *See* Dkt. 9 at ¶¶13, 90-94. For two of these, the "Oura Copyrighted Landscape Design" and the "Oura Copyrighted 3D Ring Image," Oura identifies no associated registration, dooming any claim for copyright infringement at the outset. *See Goldstein v. Facebook Inc.*, No. 6:19-CV-389-JCB-KNM, 2020 WL 6482979, at *4 (E.D. Tex. May 26, 2020), *report and recommendation adopted*, 2020 WL 4696457 (E.D. Tex. Aug. 12, 2020).

For the Oura Copyrighted User Interface Design, Oura asserts that this alleged work is covered by Registration Nos. TX 9-288-710 and TX 9-228-702.[3] However, as also explained in Ultrahuman's Motion to Stay, these registrations are directed to specific software versions of Oura's Mobile App for iOS and Android, rather than to the "design" of the User Interface. *See* Dkt. 17 at 13-14; *see also* Dkts. 17-7 and 17-8 (copies of the registrations from the official Public Copyright Catalog); Dkt. 9 at ¶93 (citing Registration Nos. TX 9-288-702 (registration for "Oura Android Mobile App v. 4.11.3." ) and TX 9-288-710 (registration for "Oura iOS Mobile App v. 4.11.2.")).

Nothing in Oura's Complaint indicates that Ultrahuman infringed Oura's copyrighted ***software code***. And, similar to the "the Oura Copyrighted Landscape Design" and "the Oura

[3] Per the public copyright database, TX 9-228-702 is actually a registration for a completely different copyright filed by third-party, *i.e.*, "Athletic Business Media Inc." *See* Ex. 1. Without waiving any argument or making any admissions, Ultrahuman understands this to be a typographical error and that the correct number is TX 9-288-702.

Copyrighted 3D Ring Image," Oura makes no allegation that any of the User Interface "designs" that Oura screenshot for the Complaint are registered. *See* Dkt. 9 at ¶13.

Oura's allegations unravel even further in view of the sequence of alleged events Oura sets forth in its Complaint. TX 9-288-710 and TX 9-288-702 identify that the works in question were published on May 30, 2023 and May 31, 2023, respectively. However, Oura's claims of infringement are asserted to have begun in July 2022—nearly a ***year*** earlier. *See* Dkt. 9 at ¶97. Oura's copyright infringement claims are thus predicated on an impossibility: Ultrahuman could not have copied a work in ***2022*** that was not published until ***2023***.[4] Therefore, Oura fails to state any claim that any ***registered*** copyright is infringed, and its diversionary copyright infringement claims should be dismissed.

## VI. CONCLUSION

For the foregoing reasons, Ultrahuman respectfully requests that the Court grant its motion to dismiss at least all of Oura's claims for (1) indirect infringement of each Asserted Patent, including both induced infringement and contributory infringement; (2) damages incurred prior to September 1, 2023, for the '833 Patent and '429 Patent, and prior to March 14, 2024, for the '178 Patent and the '179 Patent; (3) willful infringement of each Asserted Patent; and (4) copyright infringement.

[4] While it is possible that Oura operated an app before May 2023, Oura does not allege the existence of any registration that covers a copyrightable work published before that time.

Dated: May 15, 2024

Respectfully submitted,

/s/ *Elizabeth L. DeRieux*

Elizabeth L. DeRieux
Texas State Bar No. 05770585
CAPSHAW DERIEUX LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ederieux@capshawlaw.com

John T. Moehringer (*pro hac* pending)
New York Bar No. 2841211
Danielle V. Tully (*pro hac* pending)
New York Bar No. 4302758
CADWALADER, WICKERSHAM & TAFT LLP
200 Liberty Street New York, NY 10281
Tel: (212) 504-6000
Fax: (212) 504-6666
John.Moehringer@cwt.com
danielle.tully@cwt.com

*Attorney for Defendants Ultrahuman Healthcare Pvt. Ltd. and Ultrahuman Healthcare Ltd.*