**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ŌURA HEALTH OY and OURARING INC.<br><br>*Plaintiffs,*<br><br>v.<br><br>ULTRAHUMAN HEALTHCARE PVT. LTD. and ULTRAHUMAN HEALTHCARE LTD.<br><br>*Defendants*. | CASE NO. 2:23-CV-0396-JRG-RSP |

# PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION .......... 1

II. RESPONSE TO STATEMENT OF ISSUES TO BE DECIDED .......... 1

III. FACTUAL BACKGROUND .......... 1

IV. LEGAL STANDARD .......... 3

V. ARGUMENT .......... 4

- A. OURA'S FIRST AMENDED COMPLAINT SUFFICIENTLY PLEADS INDIRECT INFRINGEMENT .......... 4
  - 1. OURA ALLEGES THAT A THIRD PARTY DIRECTLY INFRINGES THE ASSERTED PATENTS .......... 4
  - 2. OURA MORE THAN SUFFICIENTLY ALLEGES THAT ULTRAHUMAN HAD THE NECESSARY KNOWLEDGE TO INDUCE INFRINGEMENT .......... 6
  - 3. OURA SUFFICIENTLY PLEADS FACTS THAT CREATE A PLAUSIBLE INFERENCE OF CONTRIBUTORY INFRINGEMENT .......... 8
- B. OURA COMPLIED WITH § 287 AND PROPERLY PLED PRE-SUIT KNOWLEDGE .......... 9
  - 1. OURA'S FIRST AMENDED COMPLAINT PLEADS COMPLIANCE WITH THE MARKING STATUTE, EVEN THOUGH IT IS UNNECESSARY HERE .......... 10
  - 2. THERE ARE NO PREDECESSORS OR LICENSEES NECESSARY FOR THE ASSERTED PATENTS .......... 11
- C. OURA PROPERLY PLEADS WILLFULNESS .......... 12
- D. OURA ADEQUATELY PLEADS COPYRIGHT INFRINGEMENT .......... 13

VI. CONCLUSION .......... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ActiveVideo Networks, Inc. v. Verizon Comm., Inc.*,
694 F.3d 1312 (Fed. Cir. 2012)....................9

*Advanced Cardio. Sys., Inc. v. SciMed Life Sys., Inc.*,
988 F.2d 1157 (Fed. Cir. 1993)....................3

*Am. Med. Sys., Inc. v. Med. Engineering Corp.*,
6 F.3d 1523 (Fed. Cir. 1993)....................9

*Am. Vehicular Scis. LLC v. Mercedes-Benz U.S. Int'l, Inc.*,
2014 WL 10291478 (E.D. Tex. Feb. 7, 2014)....................7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................12

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)....................3

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*,
681 F.3d 1323 (Fed. Cir. 2012)....................4

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021)....................3, 5

*Bustos v. Martini Club, Inc.*,
599 F.3d 458 (5th Cir. 2010)....................3

*Commil USA, LLC v. Cisco Sys., Inc.*,
575 U.S. 632 (2015)....................6

*CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.*,
2024 WL 1219725 (E.D. Tex. Mar. 20, 2024)....................9, 12

*Diem LLC v. Big Commerce, Inc.*,
No. 6:17-CV-186-JRG-JDL, 2017 WL 9935521 (E.D. Tex. May 11, 2017)....................5

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
888 F.3d 1256 (Fed. Cir. 2018)....................3

*Estech Sys. IP, LLC v. Mitel Networks, Inc.*,
No. 2:21-CV-00473-JRG-RSP, 2023 WL 6115252 (E.D. Tex. July 17, 2023)....................6

*Feist Pub., Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 (1991) ........................................................................................................13

*Flagg v. Stryker Corp.*,
647 F. App'x. 314 (5th Cir. 2016) ......................................................................................2

*Goldstein v. Facebook, Inc.*,
2020 WL 6482979 (E.D. Tex. May 26, 2020) ...................................................................14

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
136 S. Ct. 1923 (2016) ......................................................................................................13

*Hanson v. Alpine Valley Ski Area, Inc.*,
718 F.2d 1075 (Fed. Cir. 1983) ..........................................................................................10

*Harper & Row, Publishers, Inc. v. Nation Enter.*,
471 U.S. 539 (1985) ........................................................................................................13

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
714 F.3d 1277 (Fed. Cir. 2013) ......................................................................................3, 5

*Lakedreams v. Taylor*,
932 F.2d 1103 (5th Cir. 1991) ..........................................................................................14

*Leal v. McHugh*,
731 F.3d 405 (5th Cir. 2013) ..............................................................................................2

*Lexos Media IP, LLC v. Amazon.com, Inc.*,
2022 WL 16636932 (E.D. Tex. Nov. 1, 2022) ..................................................................12

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
869 F.3d 1372 (Fed. Cir. 2017) ......................................................................................3, 5

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
594 F.3d 383 (5th Cir. 2010) ..........................................................................................3, 11

*Lormand v. US Unwired, Inc.*,
565 F.3d 228 (5th Cir. 2009) ..............................................................................................2

*McZeal v. Sprint Nextel Corp.*,
501 F.3d 1354 (Fed. Cir. 2007) ..........................................................................................2

*Nalco Co. v. Chem-Mod, LLC*,
883 F.3d 1337 (Fed. Cir. 2018) ..........................................................................................3

*NorthStar Sys. LLC v. Volkswagen AG*,
2023 WL 5723648 (E.D. Tex. Sep. 5, 2023) .......................................................................7

*NXP USA Inc. v. MediaTek Inc.*,
No. 2:21-CV_00318-JRG, 2022 WL 799071 (E.D. Tex. Mar. 15, 2022) ..............................12

*Roche Diagnostics Corp. v. Meso Scale Diagnsotics, LLC*,
30 F.4th 1109 (Fed. Cir. 2022) ..............................6

*In re: Southern Scrap Material Co., LLC*,
541 F.3d 584 (5th Cir. 2008) ..............................3

*Starr v. DaimlerChrysler Corp.*,
252 F. App'x. 590 (5th Cir. 2007) ..............................14

*Tonal Sys., Inc. v. ICON Health & Fitness, Inc.*,
2021 WL 1785072 (D. Del. May 5, 2021)..............................8

*Vita-Mix Corp. v. Basic Holding, Inc.*,
581 F.3d 1317 (Fed. Cir. 2009)..............................6

*VStream Techs., LLC v. PLR IP Holdings, LLC*,
No. 6:15-cv-974-JRG-JDL, slip op. (E.D. Tex. Aug. 24, 2016)..............................5

**Statutes**

17 U.S.C. § 302(a) ..............................15

17 U.S.C. § 501..............................15

35 U.S.C. § 287..............................9, 10, 11

**Other Authorities**

Fed. R. Civ. P. 15(a)(2)..............................5

# I. INTRODUCTION

Defendants' Motion for Partial Dismissal is fundamentally flawed because it relies on ***standards of proof***, rather than the applicable ***pleading standards*** for a complaint to survive a Rule 12(b)(6) motion. In its bid to seek partial dismissal, Defendants purposefully omit critical facts included in Oura's First Amended Complaint. The First Amended Complaint pleads far more than boilerplate language to sufficiently show a plausible inference of indirect infringement,[1] willfulness, marking requirements, and the copyright claims. Defendants cannot sidestep that reality by simply ignoring those well-pled facts. To the extent that the Court determines Oura's First Amended Complaint is deficient in any claim, Oura requests that the Court grant Oura leave to amend its pleadings.

# II. RESPONSE TO STATEMENT OF ISSUES TO BE DECIDED

1. Does Oura's First Amended Complaint sufficiently plead indirect infringement?
2. Does Oura's First Amended Complaint comply with § 287 and properly plead pre-suit knowledge?
3. Does Oura's First Amended Complaint properly plead willfulness?
4. Does Oura's First Amended Complaint properly plead claims for copyright infringement?

As discussed in more detail below, the answer to each is "Yes."

# III. FACTUAL BACKGROUND

The accused technology in this case relates to finger-worn wearable devices (e.g., a smart ring) used for fitness and health tracking. Dkt. 9 at ¶¶ 3-5, 8. As alleged in the First Amended Complaint, Ultrahuman launched a product that is intended to be an imitation of Oura Ring and its

[1] Defendants do not appear to dispute that there are sufficient facts to support allegations of direct infringement.

Application. *Id.* at ¶ 10. The accused Ultrahuman Ring is worn by users and information acquired from the Ultrahuman Ring is exchanged with an application executed on the user's phone. The design of the Ultrahuman Application is a near copy of the Oura App in terms of user interface and functionality. *See id.* at ¶ 13 (comparison of Oura App vs. Ultrahuman Accused Instrumentality). As alleged by Oura, the willful copying of Oura's technology originated, in part, from Oura employees that Ultrahuman has hired and solicited to assist with the development of the accused instrumentalities, including an investor that gained access to confidential and proprietary information in or around December 2021 shortly before Ultrahuman launched its accused products in July 2022. *Id.* at ¶ 9.

In view of Defendants' deliberate and egregious activities to copy Oura's products and intellectual property, Oura filed its original Complaint against Defendants for infringement of U.S. Patent Nos. 10,893,833 ("the '833 patent") and 10,842,429 ("the '429 patent"), as well as copyright infringement on September 1, 2023. Dkt. 1. On January 9, 2024, two new patents issued to Oura: U.S. Patent Nos. 11,868,178 ("the '178 patent") and 11,868,179 ("the '179 patent"). On March 13, 2024, Oura filed a complaint at the International Trade Commission ("ITC") against, inter alia, Defendants, asserting infringement of the '429, '178, and'179 patents. And on March 14, 2024, Oura filed the First Amended Complaint to add the '178 and '179 patents to the current case. Dkt. 9.[2] As Oura has pled here, Ultrahuman's actions, and other facts, show Defendants' copying of Oura's products and intellectual property.

On May 12, 2024, Defendants filed a co-pending Motion to Stay the present action in its entirety pending resolution of the ITC proceeding, including Appeals. Dkt. 17. On May 28, 2024, Oura filed its Opposition to Defendants' Motion to Stay. Dkt. 22.

---

[2] The '833, '429, '178, and '179 patents are collectively referred to as "the Asserted Patents."

## IV. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is "a purely procedural question not pertaining to patent law," thus, Fifth Circuit law controls. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). In the Fifth Circuit, "[m]otions to dismiss under Rule 12(b)(6) 'are viewed with disfavor and are rarely granted.'" *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *see also Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013); *Flagg v. Stryker Corp.*, 647 F. App'x. 314, 315 (5th Cir. 2016) (citing *In re: Southern Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008)). A motion to dismiss "which cuts off a claimant at the threshold, must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Advanced Cardio. Sys., Inc. v. SciMed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993) (citations omitted).

The Court "accept[s] all well-pleaded facts as true, and view[s] those facts in the light most favorable to the plaintiff" when considering a motion to dismiss under Rule 12(b)(6). *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). "The court's task is to determine whether the plaintiff has stated a cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

A complaint must provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, the plaintiff does not have to plead infringement on an element-by-element basis, and it certainly does not need to prove its case at the pleading stage. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) (citing *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018)); *see also Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (finding that

giving alleged infringer fair notice of infringement is sufficient for pleading). "Instead, it is enough that a complaint place the alleged infringer 'on notice of what activity . . . is being accused of infringement.'" *Bot M8*, 4 F.4th at 1352 (citing *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017)); *see also K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013).

## V. ARGUMENT

### A. Oura's First Amended Complaint Sufficiently Pleads Indirect Infringement.

Oura's First Amended Complaint sufficiently pleads facts to state cognizable claims for induced and contributory infringement that are plausible. Defendants' allegations almost entirely ignore the case law providing pleading standards and blatantly disregard the facts in the First Amended Complaint.

#### 1. Oura alleges that a third party directly infringes the Asserted Patents.

It is undisputed that direct infringement by a third party is a requisite element of indirect infringement. *See In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012). Factual allegations of direct infringement by a third party are included in Oura's pleadings.

For example, as Defendants point out, for each Asserted Patent, Oura pleads that "Ultrahuman has and continues to willfully induce others to infringe and/or contribute to infringing the [Asserted] patent by wearing and using the Accused Instrumentalities." Dkt. 20 at 12 (citing Dkt. 9 at ¶¶ 28, 42, 58, 75). However, confusingly, Defendants seemingly construe these statements to be allegations that Ultrahuman indirectly infringes by Ultrahuman wearing and using the Accused Instrumentalities. That is not the standard reading, nor the reading that one would appreciate from the context. Oura's pleadings are clear that Ultrahuman indirectly infringes by inducing ***others*** to wear and use the Accused Instrumentalities and providing ***others*** a component

or components of the patented machine or apparatus for use that constitutes a material part of the invention, which was especially made or adapted for use in an infringement, and is not a staple article suitable for substantial non-infringing use.

To the extent Defendants purport to misunderstand to whom the "others" pertains, Oura made this clear in numerous instances in its First Amended Complaint. "Others" refers to customers/end-users of the Accused Instrumentalities and/or third-party sellers of the Accused Instrumentalities. *See, e.g.*, Dkt. 9 at ¶¶ 14-15 (showing that Defendants sell the Accused Instrumentalities to customers/users, as well as to third-party platforms such as Amazon.com). Thus, Defendants are more than sufficiently on notice of what activity is being accused of infringement. *See Bot M8*, 4 F.4th at 1352 (quoting *Lifetime Indus.*, 869 F.3d at 1379 & *K-Tech Telecomms.*, 714 F.3d at 1284).

Although Oura has more than sufficiently pled direct infringement sufficient to state a claim, if the Court finds the First Amended Complaint is deficient, Oura should be permitted to file a Second Amended Complaint to cure such alleged deficiency. Indeed, that is precisely what this Court has done in the past, including the cases specifically cited by Defendants' brief. *See* Dkt. 20 at 11 (citing *Diem LLC v. Big Commerce, Inc.*, No. 6:17-CV-186-JRG-JDL, 2017 WL 9935521 (E.D. Tex. May 11, 2017) (Gilstrap, J.C.) (ordering plaintiff to file an amended complaint in response to defendant's motion to dismiss under Rule 12(b)(6)); *VStream Techs., LLC v. PLR IP Holdings, LLC*, No. 6:15-cv-974-JRG-JDL, slip op. (E.D. Tex. Aug. 24, 2016) (ordering plaintiff to file an amended complaint in response to defendant's motion to dismiss under Rule 12(b)(6))); *see also* Fed. R. Civ. P. 15(a)(2) (explaining that leave to amend the complaint should be given "freely . . . when justice so requires"). Thus, just as Defendants argue, the Court should, at most, permit Oura to file a Second Amended Complaint and not dismiss this case.

2. Oura more than sufficiently alleges that Ultrahuman had the necessary knowledge to induce infringement.

Oura's First Amended Complaint pleads numerous facts, that when taken as true, are sufficient to show a plausible inference that Defendants had knowledge of the Asserted Patents and knew the acts were infringing. As an initial matter, nearly all of Defendants' cited case law is inapposite because those cases address the sufficiency of proof for indirect infringement rather than the sufficiency of a pleading. *See* Dkt. 20 at 12-13 (citing *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632 (2015) (addressing whether belief of invalidity is relevant to intent); *Roche Diagnostics Corp. v. Meso Scale Diagnsotics, LLC*, 30 F.4th 1109 (Fed. Cir. 2022) (addressing district court's jury verdict and post-trial motions); *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317 (Fed. Cir. 2009) (addressing fact issues from summary judgment motion); *Estech Sys. IP, LLC v. Mitel Networks, Inc.*, No. 2:21-CV-00473-JRG-RSP, 2023 WL 6115252 (E.D. Tex. July 17, 2023) (ruling on motions for summary judgment). Regardless of Defendants' misapplication of legal standards, for the reasons below, Oura sufficiently pled Defendants' requisite knowledge.

Oura's First Amended Complaint specifically recites factual allegations that show a plausible inference that Defendants had knowledge of the Asserted Patents. Dkt. 9 at ¶ 9 (describing Defendants' investor accessing Oura's confidential and proprietary information for Oura Ring and Defendants' practice of poaching and soliciting Oura employees and engineers to develop the Accused Instrumentalities). These same factual allegations also support Oura's pleading that Defendants have the knowledge and specific intent for their customers and third-party sellers to infringe the Asserted Patents. Indeed, on information and belief, Defendants employ at least one former Oura employee that had explicit knowledge of Oura's innovation and IP assets, including the asserted patents. Moreover, Oura's pleadings also provide factual

allegations of Defendants' continued instruction and intent for users and resellers to infringe the Asserted Patents, including providing charts. *See, e.g.*, *id.* at ¶¶ 11-15, 30-32, 44-52, 64, 69, 81.

Thus, contrary to Defendants' accusations, Oura's First Amended Complaint alleges numerous factual bases to show they had knowledge of the patents and knowledge of third-party direct infringement. Moreover, as explained above, Oura also sufficiently pled the existence of third-party direct infringers.

For the reasons described above, Defendants' only two case citations regarding sufficiency of pleading are not applicable here. For example, in *American Vehicle*, the plaintiff failed to allege any facts that created a plausible inference of specific intent for inducement and the components of the accused product used to infringe the asserted patents. *Am. Vehicular Scis. LLC v. Mercedes-Benz U.S. Int'l, Inc.*, 2014 WL 10291478, at *4 (E.D. Tex. Feb. 7, 2014). Here, however, that is not the case. Oura has demonstrably pled numerous facts that show a plausible inference of Defendants' specific intent to induce infringement of the Asserted Patents. *See, e.g.*, Dkt. 9 at ¶¶ 11-15, 30-32, 44-52, 64, 69, 81.

The facts from *NorthStar* are also readily distinguishable from those here. In *NorthStar* the Court granted defendant's Rule 12(b)(6) motion because the plaintiff failed to plead facts that show defendant's intent to induce and/or willful blindness. *NorthStar Sys. LLC v. Volkswagen AG*, 2023 WL 5723648, at *3 (E.D. Tex. Sep. 5, 2023). Here, Oura has pled facts sufficient to show a plausible inference of Defendants' actual knowledge of the Asserted Patents and their intent to induce infringement (*see supra*). *See, e.g.*, Dkt. 9 at ¶¶ 9-15, 30-32, 44-52, 64, 69, 81. Moreover, rather than dismissing the case, the Court in *NorthStar* ordered the plaintiff to file an amended complaint because "[t]he inadequacies of [plaintiff's] pleading noted above can be readily cured by amendment." *NorthStar Sys.*, 2023 WL 5723648 at *3. Thus, just as the Court permitted there,

to the extent the Court finds Oura's First Amended Complaint deficient, Oura respectfully requests leave to file a Second Amended Complaint.

For these reasons, the Court should deny Defendants' Motion to Dismiss, or alternatively, grant Oura leave to amend.

3. Oura sufficiently pleads facts that create a plausible inference of contributory infringement.

Oura's First Amended Complaint includes numerous factual pleadings that show a plausible inference of Defendants' knowledge of the Asserted Patents and knowledge that sale of components of the Accused Instrumentalities are made or adapted for use in an infringement. Defendants' arguments largely ignore those numerous factual allegations as well as apply nonsensical understandings of Oura's pleadings.

It is indisputable that Oura's pleadings include factual allegations of Defendants' knowledge of the Asserted Patents. Dkt. 9 at ¶ 9. Defendants' practice of poaching Oura's employees and engineers also creates a plausible inference that they also have knowledge of the contributory infringement of its ring product and components thereof. Moreover, contrary to Defendants' allegations, Oura identifies numerous specific components in its allegations that Defendants knowingly sell that have been adapted for use in an infringing system. *See, e.g.*, *id.* at ¶ 31 (describing components including sensors and a battery). Seemingly, Defendants also fail to appreciate that Oura's First Amended Complaint makes clear that the Accused Instrumentalities include not only their ring product, but also the accompanying application. Thus, unlike the cases cited by Defendants, here, Oura is not alleging the entire Accused Instrumentalities as a component, but at most, the ring, which is a component of the system and methods of using the system. *Cf.* Dkt. 20 at 14 (citing for example, *Tonal Sys., Inc. v. ICON Health & Fitness, Inc.*,

2021 WL 1785072, at *5 (D. Del. May 5, 2021) (dismissing allegation of contributory infringement for alleging entire accused system was the component)).

Additionally, Defendants' primary case law is not applicable here. Unlike the present facts, in *CyboEnergy*, the plaintiff tacitly admitted it failed to plead defendant's knowledge of the patents in suit. *CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.*, 2024 WL 1219725, at *6 (E.D. Tex. Mar. 20, 2024). Here, Oura makes no such admission, tacitly or otherwise. Indeed, in this Response, Oura vehemently denies such an allegation and has included citations to its pleading in support of its position.

Oura has also sufficiently alleged facts to support the lack of substantial non-infringing uses for Defendants' infringing components. *See, e.g.*, Dkt. 9 at ¶¶ 10, 31-36, 45-52, 61-69, 79-85. Thus, the Court should deny Defendants' Motion to Dismiss. However, to the extent the Court finds Oura's First Amended Complaint is deficient, Oura respectfully requests leave to amend.

**B. Oura Complied with § 287 and Properly Pled Pre-Suit Knowledge.**

Defendants' arguments for dismissing pre-suit damages are erroneously concerned with form over function and omit the import of several factual allegations in Oura's First Amended Complaint. Indeed, even a cursory investigation into the allegations in Oura's First Amended Complaint would have informed Defendants of Oura's patent marking. Additionally, Defendants' Motion omits two other critical points.

First, the '429 patent is a method or process patent, which does not require marking. *ActiveVideo Networks, Inc. v. Verizon Comm., Inc.*, 694 F.3d 1312, 1333-35 (Fed. Cir. 2012) (declining to extend the marking requirement to method patents where a plaintiff brings suit with both device and method patents); *Am. Med. Sys., Inc. v. Med. Engineering Corp.*, 6 F.3d 1523, 1528 (Fed. Cir. 1993) ("The law is clear that the notice provisions of section 287 do not apply

where the patent is directed to a process or method.") (quoting *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1083 (Fed. Cir. 1983)).

Second, Defendants entirely omit that Oura has, at least, pled facts sufficient to create a plausible inference of actual knowledge of the Asserted Patents and infringement thereof. Section 287 requires patented articles to be marked, or "proof that the infringer was notified of the infringement and continued to infringe thereafter." 35 U.S.C. § 287. As explained above, Defendants' nefarious behavior has included one of its key investors accessing Oura's confidential and proprietary information for the Oura Ring, and its consistent attempts to poach Oura employees, including employing an individual with explicit knowledge and involvement of Oura's IP assets. Dkt. 9 at ¶ 9. These behaviors are sufficient to show a plausible inference of damages dating back to, at least, December 2021. Tellingly, Defendants' Motion never alleges that they did not have notice of infringement from the former Oura employees and/or its investor.

1. Oura's First Amended Complaint pleads compliance with the marking statute, even though it is unnecessary here.

As an initial matter, Oura does not plead pre-suit damages for the '178 and '179 patents. Those patents were granted after Oura filed its Complaint in this matter, and Defendants' first notice was the filing of Oura's First Amended Complaint. Thus, any dispute regarding compliance with the marking statute applies only to the '833 patent. Defendants' preference for form over the far more important function is nothing more than another of the many futile attempts to evade liability for their own actions. Although Oura's First Amended Complaint does not recite the specific words "mark" or "marking," the First Amended Complaint does include a reference that includes Oura's marking. *See* Dkt. 9 at n.1. Note 1 includes a citation to the website https://ouraring.com/product/rings. In compliance with 35 U.S.C. § 287, that website for Oura's products includes an IP Notice with access to a page providing a listing of all patents and registered

trademarks associated with the Oura products covered by the Asserted Patents. Ex. 1 at 3. The IP Notice expressly includes disclosure of the ’833 and ’429 patents; thus, Oura’s products are marked pursuant to § 287. *See* Ex. 2 at 1-2.

To the extent that Defendants’ reply attempts to argue these exhibits should be disregarded, they are incorrect. In the Fifth Circuit, courts may consider “the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and reference by the complaint.” *Lone Star Fund V*, 594 F.3d at 387. The attached exhibits squarely fall within the gambit of materials the Court may consider.

For these reasons, Oura has sufficiently pled its compliance with the marking statute and the Court should deny Defendants’ Motion to Dismiss. To the extent the Court finds Oura’s First Amended Complaint deficient in this regard, Oura respectfully requests leave to amend.

2. <u>There are no predecessors or licensees necessary for the Asserted Patents.</u>

As explained above, the only patent at issue for marking is the ’833 patent. The ’833 patent, on its face, names Ōura Health Oy as the applicant. Dkt. 9 at Ex. A. However, Defendants contend that because Oura’s First Amended Complaint, accurately, describes the ’833 patent as owned by Oura through assignment, that Oura has somehow failed to meet the pleading requirements for marking. Dkt. 20 at 17 (citing Dkt. 9 at ¶¶ 26, 40, 56, 73). That is incorrect. The file history clearly shows that the named inventors were assigned the rights in the application that matured into the ’833 patent on, at the latest, December 18, 2017. Ex. 3. It would have been impossible for the predecessors that assigned the ’833 patent before it was granted to have marked any product with a patent number that did not exist.

Oura cannot plead what does not exist; thus, it could not have pled any predecessors or licensees marked products covered by the ’833 patent. Accordingly, the Court should deny

Defendants' Motion to Dismiss. To the extent the Court determines that Oura's First Amended Complaint is deficient, Oura respectfully requests leave to amend.

**C. Oura Properly Pleads Willfulness.**

As Oura has pled and explained in its filings, Defendants have engaged in a uniquely brazen and egregious course of infringing conduct. The actions taken by Defendants present the case study for willful infringement. Unsurprisingly, Defendants' arguments in support of its Motion to Dismiss Oura's willfulness claim omits critical facts presented in Oura's pleading and Defendants' culpability.

Contrary to Defendants' assertions, Oura's well-pled facts in support of its claim for willfulness amount to more than a conclusory statement. *Compare* Dkt. 20 at 19 *with* Dkt. 9 at ¶¶ 9-10. In the analysis for a Motion to Dismiss, the Court should accept as true, and view in the light most favorable to Oura, that Defendants' investor gained access to Oura's confidential and proprietary information in December 2021, and Defendants have hired or solicited a number of Oura's employees and engineers, including those that worked to develop Oura Ring and the patented technologies covering the Oura Ring. *See Lexos Media IP, LLC v. Amazon.com, Inc.*, 2022 WL 16636932, at *1 (E.D. Tex. Nov. 1, 2022) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Accordingly, neither *CyboEnergy* nor *NXP USA* are relevant to the facts here. *See* Dkt. 20 at 18 (citing *CyboEnergy*, 2024 WL 1219725, at *6 (dismissing willful infringement claim where plaintiff did not contest that its pleading did not contain any facts to support knowledge of the asserted patents); *NXP USA Inc. v. MediaTek Inc.*, No. 2:21-CV_00318-JRG, 2022 WL 799071, at *3 (E.D. Tex. Mar. 15, 2022) (dismissing claim for willful infringement where there was a total absence of facts to suggest pre-suit knowledge of the asserted patents)).

Similarly, Defendants' arguments regarding culpability are misplaced, and the cited case law is not applicable. As described above, Oura's First Amended Complaint includes well-pled facts regarding Defendants' use of an investor to access Oura's confidential and proprietary information, which was used to support development of Defendants' Accused Instrumentalities. That conduct is certainly "characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016).

For these reasons, Oura has sufficiently pled facts to show Defendants' willful and culpable infringing conduct, and Defendants' Motion to Dismiss Oura's willfulness claim should be denied. If the Court determines that Oura's First Amended Complaint is deficient, Oura respectfully requests leave to amend.

**D. Oura Adequately Pleads Copyright Infringement.**

It is not disputed that copyright infringement requires ***proving*** two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Pub., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Harper & Row, Publishers, Inc. v. Nation Enter.*, 471 U.S. 539, 556 (1985). However, Defendants again misconstrue this proof standard as a pleading standard. Defendants again also opt for a form over function requirement in pleadings. However, the facts are clear; Oura's First Amended Complaint sufficiently pleads facts that create a plausible inference of copyright infringement by Defendants.

Oura's First Amended Complaint asserts infringement of three copyrighted works: (1) the "Oura Copyrighted Landscape Design," (2) the "Oura Copyrighted 3D Ring Image," and (3) the "Oura Copyrighted User Interface Design." Dkt. 9 at ¶¶ 13, 90-94. Defendants allege that because the First Amended Complaint does not identify a copyright registration associated with the "Oura Copyrighted Landscape Design" and the "Oura Copyrighted 3D Ring Image" that the claims cannot proceed. Defendants are incorrect. Both works possess associated registrations and

Defendants offer no evidence to the contrary, instead relying on two cases with facts that are distinguishable from this case.

First, Defendants' reliance on the *Starr* case is misplaced. In *Starr*, the court dismissed a complaint for copyright infringement because plaintiff did not, and could not, even allege that a copyright registration was applied for. *Starr v. DaimlerChrysler Corp.*, 252 F. App'x. 590 (5th Cir. 2007). That is not the case here. Oura has never alleged, admitted, or in any way stated that it does not possess copyright registrations for the "Landscape Design" and "3D Ring Image." Rather, without support, Defendants have jumped to that conclusion themselves. Indeed, the Fifth Circuit explained in *Starr*, "[t]his court does not require that a certificate from the Copyright Office be obtained before bringing suit, but it does require the plaintiff to have filed an application for registration with the Copyright Office prior to the infringement action." *Id.* (citing *Lakedreams v. Taylor*, 932 F.2d 1103, 1108 (5th Cir. 1991). Here, Oura complied with the requisite registration requirement and, in fact, possesses registration. *See, e.g.*, Ex. 4 (Certificate of Application for Registration No. VA 2-361-039).

Second, Defendants also rely on *Goldstein* to again argue that this Court should dismiss Oura's copyright infringement claims, but that case is also inapposite. In *Goldstein*, the plaintiff also did not deny the lack of a copyright registration or registration application, but instead argued that was not required for a copyright infringement. *Goldstein v. Facebook, Inc.*, 2020 WL 6482979, at *4 (E.D. Tex. May 26, 2020). Here, Oura makes no such argument, and does in fact possess copyright registrations for the infringed works. *See* Ex. 4. The existence of those registrations would have been brought to light through Oura's Answer to Defendants' Counterclaims, or at the latest, in the earliest stages of fact discovery. However, Defendants decided to baselessly burden the Court with its frivolous Motion to Dismiss.

Oura also cited its copyright registrations TX 9-288-710 and TX 9-288-702[3] in support of its claim for copyright infringement of its User Interface Design. Without any basis for dismissal, Defendants instead attempt to raise factual disputes not ripe for assessment in a Rule 12(b)(6) motion. The crux of Defendants' argument is that the cited registrations refer to software code, not User Interface Designs. However, Defendants entirely ignore that the registered software code is what operates the User Interface, including its designs. The nearly identical nature of Oura's User Interface Design and that used by Defendants (*see* Dkt. 9 at ¶ 96) creates, at minimum, a plausible inference of infringement of Oura's copyrighted software code that executes the User Interface Design.

Defendants' last factual allegation inappropriate for a Rule 12(b)(6) motion is that copyright registrations TX 9-288-710 and TX 9-288-702 identify that the works in question were published on May 30, 2023, and May 31, 2023, respectively. Dkt. 20 at 22. Contrary to Defendants' allegation, the publication dates of the software code are not detrimental to Oura's claims for infringement starting in July 2022. Dkt. 9 at ¶ 97. Copyright infringement does not include a requisite that the copyrighted work be published. *See* 17 U.S.C. § 501. Indeed, copyright protection does not begin with publication, but rather with creation and fixing in a tangible medium. 17 U.S.C. § 302(a) ("Copyright in a work created on or after January 1, 1978, subsists ***from its creation*** . . . " (emphasis added)). Accordingly, any argument that Oura did not have a copyright in its User Interface Design in July 2022 would be heavily fact dependent and not an appropriate determination at the pleading stage.

---

[3] Oura's First Amended Complaint includes a typographical error identifying this registration as TX 228-702. Both parties acknowledge this non-substantive error and appreciate the correctly identified registration number.

Because Oura pled facts sufficient to show a plausible inference of copyright infringement and sufficient for Defendants to be on notice of what they have infringed, the Court should deny Defendants' Motion to Dismiss. If the Court determines that Oura's pleadings are deficient, Oura respectfully requests leave to amend.

## VI. CONCLUSION

For the foregoing reasons, Oura respectfully requests that this Court deny Defendants' Motion to Dismiss any of Oura's claims, all of which are sufficiently pled in its First Amended Complaint. If the Court determines that Oura's First Amended Complaint is deficient, Oura respectfully requests leave to amend.

DATED: May 29, 2024

Respectfully submitted,

/s/ *Shaun W. Hassett*
Michael E. Jones, State Bar No. 10929400
Shaun W. Hassett, State Bar No. 24074372
**POTTER MINTON**
102 North College, Suite 900
Tyler, TX 75702
Tel: 903.597.8311
mikejones@potterminton.com
shaunhassett@potterminton.com

**ARENTFOX SCHIFF LLP**
Janine A. Carlan
Jasjit S. Vidwan *(pro hac vice)*
Ross Q. Panko (*pro hac vice*)
1717 K Street, NW
Washington, DC 20006-5344
Tel: 202.857.6000
janine.carlan@afslaw.com
ross.panko@afslaw.com
jasjit.vidwan@afslaw.com

Matthew T. Wilkerson (*pro hac vice*)
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
matthew.wilkerson@afslaw.com
Tel: 312.258.5500
***ATTORNEYS FOR PLAINTIFFS***