**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ŌURA HEALTH OY and OURARING INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-CV-0396-JRG-RSP |
| | ) | |
| ULTRAHUMAN HEALTHCARE PVT. LTD. and ULTRAHUMAN HEALTHCARE LTD., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR**
**MOTION TO STAY PENDING FINAL RESOLUTION OF ITC INVESTIGATION**

# TABLE OF CONTENTS

I. OURA'S SHIFT IN POSITION REGARDING THE MANDATORY STAY SHOULD BE REJECTED. 1

II. OURA'S INTERPRETATION OF THE MANDATORY STAY REQUIREMENT IS LEGALLY FLAWED 2

III. OURA'S ARGUMENTS REGARDING PREJUDICE AND SIMPLIFICATION ARE UNAVAILING AND OF OURA'S OWN MAKING. 4

IV. OURA'S AGREEMENT IN THE *CIRCULAR* ACTION IS APPLICABLE HERE 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AGIS Software Dev. LLC v. Samsung Elecs. Co.*,
No. 22-CV-00263, 2023 WL 5351963 (E.D. Tex. Aug. 21, 2023) ....................................2, 3

*Encore Wire Corp. v. Copperweld Bimetallics, LLC*,
No. 22-CV-232, 2023 WL 123506 (E.D. Tex. Jan. 6, 2023)................................................1, 2

*Morrison v. Walker*,
No. 13-CV-327, 2014 WL 11512240 (E.D. Tex. Dec. 2, 2014)...........................................1, 2

*Paradox Sec. Sys. Ltd. v. ADT Sec. Servs., Inc.*,
No. 06-CV-462, 2008 WL 11348406 (E.D. Tex. Oct. 8, 2008) ...............................................4

*Saxon Innovations, LLC v. Palm, Inc.*,
No. 09-CV-272, 2009 WL 3755041 (E.D. Tex. Nov. 4, 2009) ................................................2

*Universal Electronics, Inc. v. Universal Remote Control, Inc.*
943 F. Supp. 2d 1028, 1034 (C.D. Cal. 2013) ..........................................................................4

**Statutes & Other Authorities**

28 U.S.C. § 1659..........................................................................................................................2

Local Rule CV-7(h) ...................................................................................................................1, 2

Oura fails to meaningfully contest that the overlapping patent infringement claims are subject to a mandatory stay or that the relevant discretionary stay factors support staying the non-overlapping patent and copyright claims. **First,** Oura's arguments that the mandatory stay is not required fail because the "same issues" are raised both here and in the ITC, and Oura did not oppose the mandatory stay during the meet-and-confer process. **Second,** Oura only addresses two of the discretionary stay factors and even those arguments fail. Any alleged prejudice or failure to simplify the issues caused by a stay stems from Oura's decision to file and maintain the ITC Action. **Third,** Oura ignores its admissions in the *Circular* Action that are relevant to the stay analysis, instead asserting irrelevant "facts" intended only to mudsling and malign Ultrahuman.

## I. OURA'S SHIFT IN POSITION REGARDING THE MANDATORY STAY SHOULD BE REJECTED.

Courts across the country implement rules for litigants, often with a common goal: to promote judicial efficiency. That is why this Court requires parties to meet-and-confer "in good faith" prior to filing many opposed motions, *i.e.*, so that "the court does not waste its resources deciding motions where, if the parties had thoroughly discussed the matter, a resolution could have been reached." *Encore Wire Corp. v. Copperweld Bimetallics, LLC*, No. 22-CV-232, 2023 WL 123506, at *3 (E.D. Tex. Jan. 6, 2023) (cleaned up); Local Rule CV-7(h); *see also Morrison v. Walker*, No. 13-CV-327, 2014 WL 11512240, at *2 (E.D. Tex. Dec. 2, 2014) (CV-7(h) also "helps narrow the issues and allows the court to focus its energy on deciding truly contested matters.").

With judicial efficiency in mind, and pursuant to the local rules, Ultrahuman approached Oura regarding staying this case pending final resolution of the ITC Action. During multiple exchanges and meet-and-confers among counsel, the parties discussed their positions on a stay. While the parties reached an impasse as to the discretionary stay, Oura agreed it was not contesting the mandatory stay of the overlapping ITC patents, advocating instead for a severance of the non-

overlapping claims. To ensure the Court "focus its energy on deciding [the] truly contested matters," consistent with the local rules, *Morrison*, 2014 WL 11512240, at *2, Ultrahuman noted that the mandatory stay was unopposed in its opening brief, before focusing its arguments on the discretionary stay. *See* Dkt. 17 at 7. Oura does not refute Ultrahuman's characterization of the mandatory stay as unopposed. Yet, Oura performs an about-face, now opposing ***any*** stay.

Oura's failure to properly meet-and-confer with Ultrahuman on its request to stay is reason enough to disregard Oura's new arguments and stay the case. *See Encore*, 2023 WL 123506, at *3 (failure to comply with Local Rule CV-7(h) formed independent basis to deny motion); Local Rule CV-7(h) ("An unreasonable failure to meet and confer" is "grounds for disciplinary action.").

## II. OURA'S INTERPRETATION OF THE MANDATORY STAY REQUIREMENT IS LEGALLY FLAWED.

Oura's ITC suit involves the same issues as this case because they both involve (1) the same parties (Oura and Ultrahuman); (2) the same asserted patents (the '178, '179, and '429 Patents); and (3) the same technology (specific features of Ultrahuman's smart rings). Oura cannot reasonably dispute that the "questions of validity, infringement, and any defenses" for these patents will be the same, thus "obligat[ing] the Court to stay [these] claims." *Saxon Innovations, LLC v. Palm, Inc.*, No. 09-CV-272, 2009 WL 3755041, at *1 (E.D. Tex. Nov. 4, 2009) (cleaned up).

Indeed, Oura's assertion that only this case "would present issues" related to both the Ultrahuman Ring AIR and its predecessor product, the "Ultrahuman Ring" (hereinafter, the "R1") is incorrect. Dkt. 22 at 8. Oura also accused the R1 of infringement in the ITC and has not dropped it yet from suit. *See* Dkt. 17-4 at ¶ 23. In any event, Oura misapplies the law. Oura relies on *AGIS* for the proposition that § 1659's "same issues" requirement mandates that not only the asserted patents be the same, but that every aspect of the accused products be the same too. *See*, Dkt. 22 at 7–8 (citing *AGIS Software Dev. LLC v. Samsung Elecs. Co.*, No. 22-CV-00263, 2023 WL

5351963, at *2 (E.D. Tex. Aug. 21, 2023)). Not so. It is the identicality of the features, not the products as a whole, that is relevant. For example, in *AGIS*, the patentee accused certain software applications on the defendants' mobile devices of infringement; but, in the ITC, the patentee accused different software on the defendants' devices of infringement. *AGIS*, 2023 WL 5351963, at *2. Recognizing this, the Court looked to the patentee's claim charts filed in the ITC to determine whether the charts "encompass[ed] the ***features*** accused in th[e] [district court] action," but held that it could not make that determination based only on those charts. *Id*. (emphasis added).

In its infringement allegations both here and in the ITC, Oura treats the Ring AIR and the R1 interchangeably. Oura combines its allegations into the same infringement charts, making no distinction between the two products or their accused features, and relying on the same evidence to support its allegations for each. *See generally* Exs. 10–12 (Oura's ITC Claim Charts), Exs. 13–15 (Oura's Infringement Contentions). Indeed, Oura's infringement contention claim charts are effectively more-detailed versions of those it filed in the ITC. *E.g.*, *compare* Ex. 10 (ITC Chart for the '178 Patent), *with* Ex. 13 (Contention Chart for the '178 Patent). The accused features here are thus the same as those in the ITC. Oura fails to identify how the infringement issues would differ.

Oura attempts to muddy the issues further by implying that another accused product, *i.e.*, the Ultrahuman App, is only at-issue here, not the ITC. *See* Dkt. 22 at 9. Not so. Oura also accused the Ultrahuman App of infringement in the ITC. *See* Dkt. 17-4 ¶ 23(a). That Ultrahuman asserted "No Jurisdiction" as an affirmative defense to Oura's ITC Complaint (Dkt. 22-1 at 41) is irrelevant: this product is still accused in both cases. Oura is free to drop its allegations against the Ultrahuman App in the ITC. Until then, Oura's argument is meritless.

## III. OURA'S ARGUMENTS REGARDING PREJUDICE AND SIMPLIFICATION ARE UNAVAILING AND OF OURA'S OWN MAKING.

*First*, any prejudice Oura may face related to Ultrahuman's plan to open a U.S. manufacturing facility is a problem that Oura created itself. Oura decided to file the ITC Action seeking an exclusion order and continues to maintain it. Oura is free to dismiss that suit and continue litigating here if it believes that the ITC's remedies are inadequate. But it hasn't. Further, any alleged prejudice is speculative and contingent on Ultrahuman actually moving its entire manufacturing process to the U.S. By then, the parties will have already engaged in substantial litigation in the ITC. Thus, a stay would at least still simplify the issues.

*Second*, prejudice is not presumed only because the parties are competitors. *See* Dkt. 17 at 11. Oura's cited case law is unavailing. In *Paradox*, the plaintiffs argued that "a stay would delay the possibility of them obtaining an injunction," but Oura fails to seek one here. *Paradox Sec. Sys. Ltd. v. ADT Sec. Servs., Inc.*, No. 06-CV-462, 2008 WL 11348406, at *1 (E.D. Tex. Oct. 8, 2008). Oura also ignores that the court in *Universal Electronics, Inc. v. Universal Remote Control, Inc.* acknowledged that some "courts have declined to find prejudice even where the parties are direct competitors." 943 F. Supp. 2d 1028, 1034 (C.D. Cal. 2013); *see* Dkt. 22 at 10.

*Third*, Oura cites to no binding authority to support its assertion that its "harm" would be "especially elevated here," or that any such "elevated" harm is relevant to the stay inquiry. Dkt. 22 at 10–11. Oura simply regurgitates its conclusory and unverified "copying" allegations from its Amended Complaint, without any further support. Even if these "facts" were true, Oura fails to explain how they show any prejudice to Oura resulting from a stay, which is what matters here.

Relatedly, Oura also alleges that unnamed "individuals associated with [Ultrahuman] have made Wikipedia accounts" to smear Oura. *Id.* at 11. But none of Oura's arguments or evidence actually prove this to be true, and regardless, such accusations are irrelevant here. Oura's diversion

represents nothing more than a separate litigation within a litigation. Indeed, contrary to Oura's assertion, it would not "be entitled to broad discovery" related to these issues here because these issues are unalleged, unsupported, and have no bearing on any of the asserted patent or copyright claims. *See id.* Their only purpose is to be incendiary, and for this added reason, should be ignored.

Finally, Oura's assertion that "no simplification [] could be achieved from a stay" because "this case involves copyright and willfulness issues unrelated to the ITC proceeding" is wrong. Dkt. 22 at 12–14. Oura ignores all the case law showing that courts ***routinely*** grant discretionary stays as to claims involving "different theories of law," including copyright claims. *Compare* Dkt. 17 at 11–15, *with* Dkt. 22 at 12–14. With respect to its argument that "damages are not an issue at the ITC," (Dkt. 22 at 13), any prejudice that may arise flows directly from Oura's decision to bring the ITC proceeding. And any delay in recovery of damages is common to each and every patentee that files a parallel ITC proceeding and subjects itself to a stay. As Ultrahuman has explained, many discovery issues would be simplified by a complete stay, which Oura fails to address. *See* Dkt. 17 at 12–15. The burden is also not to show that every possible "issue" needs to be simplified, and Oura's contention that "***no***" simplification would be gained through a stay is clearly wrong.

## IV. OURA'S AGREEMENT IN THE *CIRCULAR* ACTION IS APPLICABLE HERE.

Oura tries to distinguish its agreement in the *Circular* Action, citing both this cases' copyright claims and the "egregious facts" purportedly perpetrated by Ultrahuman. *See* Dkt. 22 at 5–6, 14–15. But none of these "facts" are at issue here and some are not even alleged in the Amended Complaint. Even if they were, none are relevant to either the mandatory or discretionary stay analyses. *Circular*'s relevancy is clear: there, Oura asserted the same patent against an identical accused infringer in both district court and the ITC. It also asserted a non-overlapping patent in district court. Those facts, down to the patents asserted and ITC Action involved, are identical here. Oura cannot backtrack from its representations now. The same finding must apply.

Dated: June 4, 2024

Respectfully submitted,

/s/ *Elizabeth L. DeRieux*

Elizabeth L. DeRieux
Texas State Bar No. 05770585
S. Calvin Capshaw
Texas State Bar No. 037483900
CAPSHAW DERIEUX LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ederieux@capshawlaw.com
ccapshaw@capshawlaw.com

John T. Moehringer (*pro hac* pending)
New York Bar No. 2841211
Danielle V. Tully (*pro hac* pending)
New York Bar No. 4302758
CADWALADER, WICKERSHAM & TAFT LLP
200 Liberty Street New York, NY 10281
Tel: (212) 504-6000
Fax: (212) 504-6666
John.Moehringer@cwt.com
danielle.tully@cwt.com

*Attorney for Defendants Ultrahuman Healthcare Pvt. Ltd. and Ultrahuman Healthcare Ltd.*