**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

ŌURA HEALTH OY and OURARING INC., )
)
Plaintiffs, )
)
v. ) Case No. 2:23-CV-0396-JRG-RSP
)
ULTRAHUMAN HEALTHCARE PVT. LTD. )
and ULTRAHUMAN HEALTHCARE LTD., )
)
Defendants. )

**DEFENDANTS' REPLY IN SUPPORT OF THE MOTION FOR PARTIAL DISMISSAL OF THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

# TABLE OF CONTENTS


I. OURA'S INDIRECT AND WILLFUL INFRINGEMENT CLAIMS ARE DEFICIENT AND SHOULD BE DISMISSED. .....1

A. Oura's Attorney Arguments Do Not Remedy Its Failure To Plead A Third-Party Direct Infringer Who Performs Each Step. .....1

B. Oura Ignores The Knowledge And Intent Requirements For Indirect And Willful Infringement. .....3

C. Oura Fails To Meaningfully Address Ultrahuman's Additional Contributory Infringement Arguments. .....5

II. OURA IGNORES ITS FAILURE TO ALLEGE MARKING. .....6

III. OURA HAS NOT IDENTIFIED A COPYRIGHT REGISTRATION THAT COULD SUPPORT ITS COPYRIGHT INFRINGEMENT CLAIMS. .....8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ActiveVideo Networks, Inc. v. Verizon Comm., Inc.*,
694 F.3d 1312 (Fed. Cir. 2012)....................7

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
No. 13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ....................4

*Aguirre v. Powerchute Sports, LLC*,
No. SA-10-CV-0702, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ....................4

*Am. Gen. Life Ins. Co. v. Mickelson*,
Civ. A. No. H-11-3421, 2012 WL 1355591 (S.D. Tex. Apr. 18, 2012) ....................6

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
6 F.3d 1523 (Fed. Cir. 1993)....................7

*Avdeef v. Royal Bank of Scotland, P.L.C.*,
616 F. App'x 665 (5th Cir. 2015) ....................3

*Berall v. Pentax of Am., Inc.*,
No. 10-CV-5777, 2021 WL 3934200 (S.D.N.Y. Sept. 2, 2021)....................5

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*,
681 F.3d 1323 (Fed. Cir. 2012)....................2

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) ....................2, 3

*Cellular Commc'ns Equip. LLC v. HTC Corp.*,
No. 13-CV-507, 2015 WL 11118110 (E.D. Tex. Mar. 27, 2015) ....................5

*Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*,
586 U.S. 296 (2019)....................8

*InMotion Imagery Techs. v. Brain Damage Films*,
No. 11-CV-414, 2012 WL 3283371 (E.D. Tex. Aug. 10, 2012) (Gilstrap, C.J.) ....................5

*Mai Larsen Designs v. Want2Scrap, LLC*,
No. SA-17-CV-1084, 2019 WL 2343019 (W.D. Tex. June 3, 2019) ....................8, 9

*Nat'l Rifle Ass'n of Am. v. Ackerman McQueen, Inc.*,
No. 19-CV-2074, 2020 WL 5526548 (N.D. Tex. Sept. 14, 2020) ....................9

*Roche Diagnostics Corp. v. Meso Scale Diagnostics, LLC*,
30 F.4th 1109 (Fed. Cir. 2022) ....................4

*Weatherford Tech. Holdings, LLC v. Tesco Corp.*,
No. 17-CV-00456, 2018 WL 6787356 (E.D. Tex. Nov. 14, 2018)
(Gilstrap, C.J.) ....................7

*Zipit Wireless, Inc. v. LG Elecs. U.S.A., Inc.*,
No. 20-01494, 2022 WL 170864 (D.N.J. Jan. 18, 2022) ....................2

**Statutes**

35 U.S.C.A. § 271(c) ....................5

35 U.S.C.A. § 287 ....................7

Oura admits it has failed to adequately plead (1) the required elements of indirect and willful infringement, including the requisite knowledge, (2) adequate marking, and (3) the registrations required to file its copyright claims. This failure necessitates dismissal of the challenged claims.

## I. OURA'S INDIRECT AND WILLFUL INFRINGEMENT CLAIMS ARE DEFICIENT AND SHOULD BE DISMISSED.

Oura's Opposition highlights the deficiency of its indirect infringement allegations. *First*, Oura does not dispute that indirect infringement requires a third-party direct infringer that performs each and every claimed step. Its reliance on vague references to "others" and allegations based on capabilities of a device are insufficient. *Second*, Oura concedes it failed to allege Ultrahuman's knowledge of the Asserted Patents and their alleged infringement, which is essential for pleading indirect and willful infringement. Oura's claims that knowledge can be inferred from an Ultrahuman investor and a former Oura employee are baseless and unsupported by any allegation in the First Amended Complaint ("FAC"). *Third*, Oura's identification of "sensors and a battery" as specific components is not supported by any allegation in the FAC, and thus its allegations remain insufficient for failure to allege that Oura provides a "component" as required by its contributory infringement claims.

### A. Oura's Attorney Arguments Do Not Remedy its Failure to Plead a Third-Party Direct Infringer Who Performs Each Step.

Oura does not dispute that indirect infringement requires a third-party direct infringer. Its reliance on vague references to "others" as the direct infringement is insufficient. *See* Dkt. 24 at 4–5. Oura's argument that a direct infringer can be inferred from its reference to inducing "others" "to wear and use the Accused Instrumentalities," (*id.*), is unsubstantiated. And mere references to the sale of the Accused Instrumentalities – not the use of or wearing them – or to Amazon as a seller do not suffice. Dkt. 9 ¶¶ 14–15. Oura likewise fails to clarify whether it alleges Ultrahuman

has induced "customers/end-users" or "third-party sellers" for each patent, or how any third-party is a direct infringer. Oura has thus failed to provide sufficient notice.

Oura also misquotes the FAC. Oura argues its "pleadings are clear that 'Ultrahuman indirectly infringes by . . . providing ***others*** a component or components of the patented machine or apparatus.'" Dkt. 24 at 4–5. But the indirect infringement allegations never allege that Ultrahuman "provid[es] ***others***" with any component. In fact, Oura's sole contributory infringement allegation for each Asserted Patent is only that "Ultrahuman . . . contribute[s] to infringing the [Asserted Patents] by wearing and using the Accused Instrumentalities." Dkt. 9 ¶¶ 28, 42, 58, 75. At no point does Oura identify an underlying third-party direct infringer or allege how that third-party infringer infringes. *See* Dkt. 20 at 11–12; *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012) (To properly plead indirect infringement a plaintiff must plead "facts sufficient to allow an inference that at least one direct infringer exists."). This is fatal, and Oura's indirect infringement claims should be dismissed.

Moreover, to allege direct infringement of the method claims of the '429 Patent, Oura must allege more than the mere capability of the Accused Products to perform the method; it must also allege that the direct infringer performs every step claimed, and failure to do so "is fatal to [a] direct infringement claim." *Zipit Wireless, Inc. v. LG Elecs. U.S.A., Inc.*, No. 20-01494, 2022 WL 170864, at *5 (D.N.J. Jan. 18, 2022) (dismissing direct and indirect infringement claims for failing to allege the accused infringer operated the accused device to perform the claimed methods). But here, Oura fails to allege that any third-party performed the asserted method claims, or operated a device that performed each of the claimed steps. For these other reasons, Oura's arguments fail.

*Bot M8* does not support Oura's positions. *See* Dkt. 24 at 5 (citing *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021)). If anything, *Bot M8* supports Ultrahuman

because it upheld the dismissal of patent infringement claims where, like here, the allegations amounted to "mere recitation of claim elements and corresponding conclusions, without supporting factual allegations." *Bot M8*, 4 F.4th at 1355. This Court should dismiss for those same reasons.

Finally, a Second Amended Complaint would be futile because Oura has not identified how it will cure its deficiencies. *See Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 676 (5th Cir. 2015) (The Fifth Circuit has found that "[a]mendment is futile if the new complaint 'could not survive a motion to dismiss[.]'"). Allegations that Amazon *sells* an Accused Product is not tantamount to an allegation that any third-party *uses* it. *Compare* Dkt. 9 ¶ 15, *with id.* at ¶¶ 28, 42, 58, 75. Oura's allegations are thus inconsistent with any viable infringement theory. Accordingly, to the extent Oura seeks to amend the FAC to include these "facts," this Court should deny Oura that request. *See Bot M8*, 4 F.4th at 1354 (claim could not survive motion to dismiss where it alleges facts were "actually *inconsistent* with and contradict infringement").

### B. Oura Ignores the Knowledge and Intent Requirements for Indirect and Willful Infringement.

Oura's arguments regarding knowledge and intent for indirect and willful infringement are based on unsupported allegations. Claims for induced infringement, contributory infringement, and willful infringement each have "knowledge" requirements. But the cited "facts," some of which appear nowhere in the FAC, are conclusory and do not suggest that Ultrahuman had any knowledge of the Asserted Patents or their alleged infringement.

Oura relies on the same "facts" to argue that the FAC sufficiently alleges Ultrahuman's knowledge of both the Asserted Patents and their alleged infringement, as well as the specific intent and *mens rea* required for induced and willful infringement, respectively. *See, e.g.*, Dkt. 24 at 6–8, 12–13. But Oura's inflammatory accusations of "poaching" employees and receiving

insider information are not supported in any way.[1] Worse, none of these "facts" suggests Ultrahuman had knowledge of the ***Asserted Patents***, let alone knowledge of their alleged infringement, as is required. *See, e.g., Roche Diagnostics Corp. v. Meso Scale Diagnostics, LLC*, 30 F.4th 1109, 1117–19 (Fed. Cir. 2022); *see also Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) (dismissing indirect infringement claims for failure to plead requisite knowledge). And Oura's assertion that Ultrahuman "employ[s] at least one former Oura employee that had explicit knowledge of Oura's innovation and IP assets, including the asserted patents," (Dkt. 24 at 6), is found nowhere in the FAC. Oura should not be allowed to hurl such unfounded and irrelevant accusations at Ultrahuman under the guise of "evidence."

These facts also fail to suggest that Ultrahuman "knew that the combination for which its components," like its rings, "were especially made was both patented and infringing," which is reason enough to dismiss its indirect infringement claims. *See Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. 13-CV-365, 2014 WL 2892285, at *8–9 (W.D. Tex. May 12, 2014) (cleaned up) (knowledge of the asserted patents was insufficiently pled). They also fail to suggest the culpability required to allege willful infringement.

Oura's arguments thus distort its pleading obligations for indirect and willful infringement to the point of violating them, such that its arguments should be disregarded.

---

[1] And Oura's blanket citation to paragraphs 11–15, 30–32, 44–52, 64, 69, and 81 of the FAC as supporting a plausible inference that Ultrahuman had the required "specific intent" to induce infringement is likewise insufficient, as Oura fails to explain how any of those paragraphs actually allege as much. *See* Dkt. 24 at 6–7.

### C. Oura Fails to Meaningfully Address Ultrahuman's Additional Contributory Infringement Arguments.

Oura concedes, as it must, that an "entire device" cannot constitute a "component" for contributory infringement claims. Its identification of "sensors and a battery" as "specific components,"[2] (Dkt. 24 at 8), is not supported by the allegations in the FAC. Indeed, Oura fails to point to any allegations in the FAC identifying a single "component" that meets the requirements of §271(c), let alone sensors or batteries. Thus, the challenged indirect infringement claims must be dismissed. *See InMotion Imagery Techs. v. Brain Damage Films*, No. 11-CV-414, 2012 WL 3283371, at *3–4 (E.D. Tex. Aug. 10, 2012) (Gilstrap, C.J.) (dismissing contributory infringement claim for failing to identify the components used in the infringing method); *see also Berall v. Pentax of Am., Inc.*, No. 10-CV-5777, 2021 WL 3934200, at *8–9 (S.D.N.Y. Sept. 2, 2021) (dismissing contributory infringement claims where the amended complaint alleged that the defendants "sold the entire product protected by [the asserted patent], not a component thereof").

Oura's suggestion that the accused Ultrahuman ring could also constitute a "component" because "the Accused Instrumentalities" also include the Ultrahuman App ignores its FAC. *See* Dkt. 24 at 8. For the asserted claims of the '833, '178, '179 Patents, the FAC accuses only the Ultrahuman Ring itself – not any app – of infringing each of the recited claim elements. *See e.g.*, Dkt. 9 ¶¶ 29–36, 59–69, 76–85; *see also* Dkt. 25-4 at 2 (Claim Chart for '178 Pat.); Dkt. 25-5 at 2 (Claim Chart for '179 Pat.).

Finally, Oura's assertion of no substantial noninfringing uses for components is vague and unsupported. Its proffered declaration baldly states that Oura has made a showing of no substantial

[2] Oura also fails to allege that these "sensors" and "battery" are "material" to the invention, which alone is fatal. *See, e.g.*, *Cellular Commc'ns Equip. LLC v. HTC Corp.*, No. 13-CV-507, 2015 WL 11118110, at *5 (E.D. Tex. Mar. 27, 2015).

noninfringing uses. Its only support is a string citation to the FAC, also without explanation. Dkt. 24 at 9. But nothing in these paragraphs allege no substantial noninfringing uses exist for any Ultrahuman "component," let alone a "ring," "sensor," or "battery." Oura's arguments should thus be rejected here too.

## II. OURA IGNORES ITS FAILURE TO ALLEGE MARKING.

Oura implicitly concedes it failed to allege satisfaction of the marking requirement, suggesting instead that a website referenced in a footnote of the FAC could suffice. *See* Dkt. 24 at 10–11. But forcing Ultrahuman to embark on its own investigation to determine whether Oura's products are marked defeats the purpose of pleading the marking requirement. And Oura fails to meaningfully rebut any of Ultrahuman's arguments or case law showing that a failure to include any allegation of marking is fatal to a claim of past damages. *Compare id.*, *with* Dkt. 20 at 16–17.

Oura's submission of marking exhibits in response to the motion to dismiss does not cure its failure to plead compliance with the marking statute in the FAC. While Oura correctly notes that courts may consider certain documents outside of the FAC, its attached exhibits are not among them. *See* Dkt. 24 at 11. Oura's exhibits are attached to its response to a motion to dismiss, and the law is clear that "a court may consider a document attached to a response to a motion to dismiss when that document is sufficiently referenced in the complaint and its authenticity is unquestioned." *Am. Gen. Life Ins. Co. v. Mickelson*, Civ. A. No. H-11-3421, 2012 WL 1355591, at *2 (S.D. Tex. Apr. 18, 2012). Oura's "IP Notice," *i.e.*, its only exhibit comprising any type of marking allegation (Dkt. 24-2) is referenced nowhere in its FAC; nor are the contents of the "IP Notice" discussed anywhere therein. This Court should thus decline to consider Oura's exhibits.

Oura incorrectly contends it has no marking obligations for the '429 Patent, despite asserting its system claims. *See* Dkt. 24 at 9–10; Dkt. 9 ¶ 41–43. Indeed, Oura's infringement contentions show that Oura also asserts the '429 Patent's system claims. Dkt. 25-6 at 22–40. It is

axiomatic that "once apparatus and method claims are asserted, as is the case here, the requirements of the marking statute are triggered." *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 17-CV-00456, 2018 WL 6787356, at *1 (E.D. Tex. Nov. 14, 2018) (Gilstrap, C.J.). Oura's cited case law recognizes as much. *See Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538–39 (Fed. Cir. 1993) ("Where the patent contains both apparatus and method claims . . . a party is obliged to [mark] if it intends to avail itself of the constructive notice provisions of section 287(a)."); *ActiveVideo Networks, Inc. v. Verizon Comm., Inc.*, 694 F.3d 1312, 1333–35 (Fed. Cir. 2012) (patent-at-issue contained *only* method claims). Oura's marking obligations thus clearly extend to the '429 Patent.

Oura's argument that it pled facts creating a plausible inference of knowledge is likewise unsupported. *See* Dkt. 24 at 10. These "facts" are the same "facts" that Oura relied on to show "knowledge" for its indirect and willful infringement claims. Oura flips the burden, arguing "tellingly," Ultrahuman "never alleges that [it] did not have notice of infringement from the former Oura employees and/or its investor." *Id.* But the burden to allege knowledge rests squarely with Oura—not Ultrahuman. Oura has failed to sufficiently allege knowledge, let alone identify a single "employee" or "investor", or point to anything in the FAC alleging that any of those supposed individuals had the requisite knowledge. Pure speculation and attorney argument cannot cure this fatal defect.

Finally, Oura's arguments related to its failure to plead compliance with the marking statute by any predecessor or licensee also miss the mark. *See* Dkt. 24 at 11–12. Whether Ultrahuman knew or should have known that it would have been purportedly "impossible" for the '833 Patent predecessors to have marked in view of the patent file history is of no matter here. *See id.* at 11. Again, Oura does not rebut that it failed to proffer any allegation as to marking for any patent, let

alone whether it or any of its predecessors or licensees complied with the marking statute. That is what is relevant here, and Ultrahuman could not have possibly been on sufficient notice as to Oura's pre-suit damages claims based solely on the allegations set forth in the FAC.

## III. OURA HAS NOT IDENTIFIED A COPYRIGHT REGISTRATION THAT COULD SUPPORT ITS COPYRIGHT INFRINGEMENT CLAIMS.

To sustain a claim for copyright infringement, a plaintiff must plead ownership of a copyright that has been registered with the U.S. Copyright Office. *See, e.g.*, *Mai Larsen Designs v. Want2Scrap, LLC*, No. SA-17-CV-1084, 2019 WL 2343019, at *5 (W.D. Tex. June 3, 2019). Such a claim may be brought "not when an application for registration is filed, but when the Register has registered a copyright after examining a properly filed application." *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 309 (2019). For the Landscape Design and 3D Ring Image, Oura asks this Court to ignore this law and allow it to rely on an application. For the Interface Design, Oura does not assert ownership of any registered copyright that could have been copied in 2022. Oura therefore failed to identify any registered copyright that can support its copyright infringement claims, requiring dismissal.

**The "Oura Landscape Design" and the "Oura 3D Ring Image."** Oura's assertions that its copyright claims are well-pleaded because these works are purportedly the subject of a copyright application fail because the Supreme Court has directly rejected Oura's position, holding instead that a copyright claim must be based on a pre-suit *registration*, not an *application*.[3]

Specifically, Oura asserts that the Landscape Design and 3D Ring Image are covered by an application dated August 30, 2023. *See* Dkt. 24-4. Oura's Complaint was filed on September 1,

[3] Oura also does not explain how two allegedly different works can be covered by a single application, or whether it considers the Landscape Design and 3D Ring Image to be a single work, further underlining how Oura has failed to properly provide adequate notice of its copyright claims.

2023, but registration did not issue until September 5, 2023. *See* Ex. 2 (Copyright Registration). Oura has thus not alleged ownership of any registered copyright in existence as of the filing of the Complaint covering the Landscape Design or 3D Ring Image. Its claims of infringement as to these works are insufficiently pleaded and should be dismissed without leave to amend. *See Mai Larsen*, 2019 WL 2343019, at *6 (denying leave to amend because allowing plaintiffs to identify a post-Complaint registration would "make a meaningless formality out of *Fourth Estate*'s requirement that an application be approved prior to filing suit"); *Nat'l Rifle Ass'n of Am. v. Ackerman McQueen, Inc.*, No. 19-CV-2074, 2020 WL 5526548, at *6 (N.D. Tex. Sept. 14, 2020) (same).

**The Oura Interface Design**. Oura alleges that the Oura Interface Design was copied by Ultrahuman in July 2022. Dkt. 9 ¶ 97. But the only work covered by a registration identified in Oura's Complaint was published in 2023, and thus could not have been the work that was allegedly copied in 2022. *See id.* ¶ 93. As a result, Oura has failed to allege the existence of a registered copyright that was copied, and its claims should be dismissed.

The statements made in Oura's Opposition are irrelevant and in fact emphasize that Oura has failed to properly provide notice of its claims. Ultrahuman is not raising factual disputes, and is not debating whether publication is required for copyright protection. Rather, accepting as true the allegations that (1) Oura owns a copyright in a work first published in 2023, and (2) Ultrahuman copied a work in July 2022, it is a logical impossibility that Ultrahuman copied the work identified in the registration. The FAC does not identify any registration covering a work that could have been copied in 2022. In its Opposition, Oura makes vague references to other interface design copyrights it may have owned in July 2022. Dkt. 24 at 15. But if such copyrights exists, and if

such copyrights were registered with the U.S. Copyright Office before the date of the Complaint, Oura has failed to properly plead their existence. Its copyright claims should thus be dismissed.

Dated: June 5, 2024

Respectfully submitted,

/s/ *Elizabeth L. DeRieux*

Elizabeth L. DeRieux
Texas State Bar No. 05770585
S. Calvin Capshaw
Texas State Bar No. 037483900
CAPSHAW DERIEUX LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ederieux@capshawlaw.com
ccapshaw@capshawlaw.com

John T. Moehringer (*pro hac*)
New York Bar No. 2841211
Danielle V. Tully (*pro hac*)
New York Bar No. 4302758
CADWALADER, WICKERSHAM & TAFT LLP
200 Liberty Street New York, NY 10281
Tel: (212) 504-6000
Fax: (212) 504-6666
John.Moehringer@cwt.com
danielle.tully@cwt.com

*Attorney for Defendants Ultrahuman Healthcare Pvt. Ltd. and Ultrahuman Healthcare Ltd.*