IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ŌURA HEALTH OY and OURARING INC., § § § | |
| *Plaintiff,* § § | |
| v. § | CASE NO. 2:23-cv-00396-JRG-RSP |
| § | |
| ULTRAHUMAN HEALTHCARE PVT LTD. and ULTRAHUMAN HEALTHCARE LTD., § § § | |
| *Defendant.* | |

**MEMORANDUM ORDER**

Before the Court is Defendants' Motion to Stay Pending Final resolution of ITC Investigation. (Dkt. No. 17.) For the reasons provided below, the Motion is **GRANTED IN PART**.

**I. LEGAL STANDARD**

"The party seeking a stay bears the burden of showing that such a course is appropriate." *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 218-cv-390-RWS-RSP, 2019 WL 3826051, at *1 (E.D. Tex. Aug. 14, 2019) (quoting *Realtime Data, LLC v. Hewlett Packard Enter. Co.*, No. 6:16-cv-86-RWS-JDL, 2017 WL 3712916, at *3 (E.D. Tex. Feb. 3, 2017)); *accord Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). "The decision of whether to extend a stay falls solely within the court's inherent power to control its docket." *Personal Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 626 (E.D. Tex. 2017) (citing *ThinkOptics, Inc. v. Nintendo*, No. 6:11-cv-455-LED, 2014 WL 4477400, at *1 (E.D. Tex. Feb. 27, 2014)); *accord Clinton v. Jones*, 520 U.S. 681, 706 ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") (citing *Landis*, 299 U.S. at 254).

1

District courts typically consider three factors when deciding whether to stay litigation: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will simplify issues in question in the litigation." *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *2 (E.D. Tex. Mar. 11, 2015) (collecting cases).

28 U.S.C. §1659 provides "In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within—

(1) 30 days after the party is named as a respondent in the proceeding before the Commission, or

(2) 30 days after the district court action is filed,

whichever is later."

**II.     ANALYSIS**

On March 13, 2024 Oura filed an ITC complaint against Ultrahuman asserting infringement of the '178, '179, and '429 patents. The next day, Oura filed an amended complaint in this action asserting infringement of the '178, '179, '429, and '833 patents as well as copyright infringement claims. Ultrahuman now moves to stay the entire action pending final resolution of the ITC investigation.

First, Ultrahuman argues that the '178, '179, and '429 patents should be stayed under the mandatory stay statute. Ultrahuman argues that each party is also a party to the ITC Action, the three patents are asserted against Ultrahuman in both actions, and Ultrahuman moved within thirty days of the April 12 ITC institution decision.

Oura responds that the mandatory stay is not triggered because this action does not present the same issues as the ITC action. Oura argues that Ultrahuman has two accused products but as only one is currently being manufactured and imported, only one is subject to the ITC, but both are accused in this case. Oura argues the mandatory stay is thus not triggered.

Second, Ultrahuman asks the Court to exercise its inherent authority to stay the remaining claims as well.[1]

Ultrahuman argues that Oura would not be prejudiced by a stay here. Ultrahuman argues that Oura elected the ITC to pursue some of its patent claims and cannot now claim prejudice in allowing that proceeding to proceed first. Ultrahuman contends the '833 patent is asserted against the same products and is largely overlapping with the ITC patents.

Ultrahuman further contends a stay would simplify the issues before this Court. Ultrahuman argues that since all patents are asserted against the same products in both this and the ITC and the ITC will address invalidity, there will be significant overlap and ultimately simplification if the ITC action is permitted to go first.

As to the copyright claims, Ultrahuman contends these too are entangled with the patent claims. Ultrahuman argues it is the same app accused of copyright infringement that is accused of

---

[1] Ultrahuman points to Oura's separate action against a similarly situated defendant where Oura jointly moved to stay that case, including patent claims not present in the ITC action. The Court does not find that Oura's choices in that case materially impact this one.

patent infringement and thus would involve overlapping issues for both claims. Ultrahuman contends Oura has only pleaded two copyright registrations, both covering software.

Last, Ultrahuman contends this case is still in its infancy, only filed two months before the filing of its motion.

Oura responds that a stay would unduly prejudice it. Oura argues that Ultrahuman is now, after the ITC institution, opening a production facility in the US and this would not be impacted by the ITC action. Oura contends that as a competitor, it will be prejudiced by a delay that would impact its market share, as here.

Oura also argues a stay will not simplify the issues in present case. First, Oura argues there is no simplification to be had as to the copyright claims. Oura argues that as copyright infringement is entirely different from patent infringement, there is no simplification from allowing the patent claims to proceed first. Second, Oura argues that the patent infringement claims are likewise not simplified because damages is not at issue in the ITC action.

The Court finds that all patent claims should be stayed pending the ITC action, but the copyright claims will move forward. First, the Court finds the overlapping patent claims at least as to the one still-produced product must be stayed under the mandatory stay statute. Oura has made no argument otherwise. As to the no longer produced product, the Court finds that the significant overlap between this case and the ITC action warrants a stay of the patent claims regarding that product as well. Any determination of infringement or invalidity will undoubtedly affect this action, if not resolve the issue. Second, the Court finds that the '833 patent infringement case should be stayed under this Court's broad discretion to manage its docket. This case is still in its infancy and there is material overlap between that patent and the ITC patents. The overlap supports a finding that the ITC proceeding will likely simplify this action as to the '833 patent.

While the ITC may not fully resolve any issues relating to the '833 patent, it will likely guide the parties in this action. Last, while Oura has shown that the ITC action may not be able to offer the relief Oura seeks, since Ultrahuman may begin manufacturing in the US, this risk is involved in any ITC action.  Oura has undoubtedly shown that it will be prejudiced by a stay of the patent claims, but that is a direct consequence of its choice to litigate the claims in both forums.

Finally, the Court agrees with Oura as to the copyright claims. Such claims are materially different from patent claims and concern different law and different requisite showings. While there may be some overlapping discovery of the software and financials in developing both cases, Ultrahuman has not demonstrated that this results in simplification. The outcome of the ITC action, whether finding infringement or invalidity or otherwise, would not obviate the need for such discovery as to Oura's copyright case. Without simplification, a stay is not justified.

As such, the Court **GRANTS** Ultrahuman's motion to stay as to the patent claims but **DENIES** the motion as to the copyright claims.  Accordingly, all proceedings as to the patent claims are stayed pending resolution of the proceedings in the ITC.  All proceedings regarding the copyright claims will continue to be governed by the current DCO (Dkt. No. 32).

**SIGNED this 1st day of August, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE